# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MY HEALTH, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| ALR TECHNOLOGIES, INC., | § § | CIVIL ACTION NO. 2:16-CV-00535-RWS (LEAD CASE) |
| Defendant. | § § | |
| INTOUCH TECHNOLOGIES, INC. | § § | CIVIL ACTION NO. 2:16-CV-00536-RWS |
| Defendant. | § § | |
| DEVILBISS HEALTHCARE, LLC | § § | CIVIL ACTION NO. 2:16-CV-00544-RWS |
| Defendant. | § § | |
| MYNETDIARY, INC. | § § | CIVIL ACTION NO. 2:16-CV-00866-RWS |
| Defendant. | § § | |
| MCKESSON TECHNOLOGIES INC. | § § | CIVIL ACTION NO. 2:16-CV-00881-RWS |
| Defendant. | § § | |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND GRANTING MOTIONS TO DISMISS

Before the Court are two Reports and Recommendations of United States Magistrate Judge Roy S. Payne. The first recommends that Defendant DeVilbiss Healthcare, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Case No. 2:16-cv-544; Docket No. 15) be granted because the claims of asserted U.S. Patent No. 6,612,985 ("the '985 Patent") are drawn to ineligible subject

matter under 35 U.S.C. § 101. Docket No. 66[1] ("Rep.") at 1. The second recommends that motions to dismiss filed by other Defendants in this consolidated action also be granted on the same grounds.[2] Docket No. 69 at 1. Plaintiff My Health, Inc. ("My Health") has filed written objections to both Reports (Docket Nos. 72 ("Obj.") and 73).[3] The Court reviews the objected-to portions of the Reports *de novo*. 28 U.S.C. § 636(b)(1)(C).

In the Report, the Magistrate Judge held that claim 1 of the '985 Patent is representative. Rep. at 3. At step one of the *Alice* inquiry, he found that claim 1 is directed to the abstract idea of a "method for tracking compliance with treatment guidelines." *Id.* At step two of the *Alice* inquiry, the Magistrate Judge held that claim 1 does not provide an inventive concept under any plausible construction. *Id.* at 6. Accordingly, he found this case can be adjudicated without the benefit claim construction. *Id.* He found the '985 Patent is drawn to ineligible subject matter and recommended that the Motions to Dismiss be granted. *Id.* at 7.

In its objections, My Health argues that Defendants have not established the representativeness of claim 1. Obj. at 2. My Health denies that any claim of the '985 Patent is directed to an abstract idea. *Id.* at 5–6. My Health argues that dismissal is inappropriate in this case because a factual dispute remains as to the scope of preemption and because the Court has not construed the claims. *Id.* at 6–8. Finally, My Health argues that the claims of the '985 Patent provide an inventive concept at least because claims 1–3 cannot be performed entirely by humans and because claim 7 and its dependents explicitly require a computer. *Id.* at 8–9.

---

[1] Unless specifically indicated otherwise, "Docket No." refers herein to the docket in lead Case No. 2:16-cv-535.

[2] The other motions are Case No. 2:16-cv-535, Docket Nos. 12 (ALR) and 25 (McKesson), and Case No. 2:16-cv-536, Docket No. 13 (InTouch).

[3] Docket No. 73 includes the entirety of Docket No. 72 and adds an introductory section that is not relevant to the § 101 analysis.

For the reasons that follow, Plaintiff's objections are **OVERRULED**, and the Motions to Dismiss are **GRANTED**.

First, claim 1 is representative of the other claims of the '985 Patent because the other claims in the '985 Patent do not differ significantly from claim 1. *See Mayo Collaborative Servs. V. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1295 (2012) (taking as representative claim 1 or the patent asserted in that case and ignoring the differences between claim 1 and other claims as irrelevant to § 101 analysis). Plaintiff's objections display the nine claims of the '985 Patent as three sets of three claims (i.e., 1–3, 4–6 and 7–9). Obj. at 3–5. The three sets are almost identical to one another. *See id.* They differ only to the extent that claim 1 is drawn to a method; claim 4, to a system; and claim 7, to a computer readable medium. These differences, by themselves, are immaterial to the § 101 analysis. *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2353, 2359 (2014) (holding invalid under § 101 claims to a method, system and computer-readable medium based on analysis of a representative method claim).

Second, the claims of the '985 Patent are directed to the abstract idea of tracking compliance with treatment guidelines. The claims of the '985 Patent involve the concept of tracking compliance with treatment guidelines as shown by the preambles of the independent claims, each of which announces that the method, system or computer readable medium is "for tracking compliance with treatment guidelines." *E.g.*, '985 Patent at col. 15:52–53. Plaintiff argues that tracking compliance with treatment guidelines is not a "fundamental economic or longstanding commercial practice." Obj. at 6. Even if not a fundamental practice in business, tracking compliance with treatment guidelines is a fundamental and longstanding practice in medicine. That a practice may be longstanding in medicine as opposed to in business does not make it any less an abstract idea.

The conclusion that the '985 patent is directed to an abstract idea is confirmed by the fact that it is does not improve the functioning of a computer. *See Apple, Inc v. Ameranth, Inc.*, 842, F.3d 1229, 1241 (Fed. Cir. 2016) ("Alternatively, the claims are not directed to a specific improvement in the way computers operate."). In its objections, My Health writes, "The '985 patent claims are not abstract because they are limited to a 'new and useful' application of computing and networking equipment to improve remote health care monitoring." Obj. at 6. My Health admits that the purported improvement of the '985 Patent is to "remote health care monitoring" and not to the "computing and networking equipment." If the claims recite a "new and useful application" as My Health suggests, the limitations of the claims will reduce the abstract concept to a patent-eligible application. But whether the claims are sufficiently limited is addressed in step two of the *Alice* inquiry. In sum, the Court agrees with the Magistrate Judge that the claims of the '985 Patent are directed to an abstract idea.

Third, whether the claims of the '985 Patent "pre-empt all forms of navigating a computer network," Obj. at 7, is not a question of fact material to the present analysis. "Navigating a computer network" is not the abstract idea to which the claims are directed, and the scope of the claims' preemption of that idea is immaterial. Moreover, "the absence of complete preemption does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2511 (2016). My Health's objection is therefore without merit.

Fourth, claim construction is not necessary to find the '985 Patent invalid under § 101 at the motion-to-dismiss stage. The Magistrate Judge found that no plausible construction of the claims rescues their patent-eligibility. Rep. at 6. Although My Health objects to this conclusion, it fails to put forward any proposed construction of any term in the '985 Patent—much less a

construction that is both plausible and cures the abstractness of the claims.[4]  Although legitimate claim-construction disputes may make adjudication of patent eligibility inappropriate on a motion to dismiss, *see Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co.*, Case No. 2:13-cv-894-JRG, 2014 WL 1998053, at *3 (E.D. Tex. May 15, 2014) (citation omitted), no such dispute is presented in the case at bar.

Finally, the Magistrate Judge correctly found that the claims of the '985 Patent do not provide an inventive concept.  My Health's objection to this finding centers on the idea that computers are necessary to the claims such that the "claims 1–3 . . . cannot be accomplished by a human mind" and "the computer is integral [to] and required of [claim 7]."  Obj. at 9.  The objection is without merit because the mere involvement of a generic, general-purpose computer is insufficient to provide an inventive concept.  *Alice*, 134 S. Ct. at 2358–59.  Although the capacity to be performed entirely by a human mind is a strong indicator of the patent-ineligibility of a claim, My Health provides no authority supporting the converse proposition that a single method step that may not be performable by a human mind bars a finding of ineligibility.  My Health does not persuade the Court that the '985 Patent provides a non-routine or non-generic arrangement of computer components or that the limitations of the claims otherwise meaningfully limit the abstract concept of tracking compliance with treatment guidelines.

---

[4] To the extent that My Health's statement that "one of ordinary skill in the art would understand that claims 1–3 of the '985 patent contain special programming code" is a proposed construction of the claim, the Court rejects it as implausible.  Claim 1 contains no mention of a computer, a program, or any programming code, much less "special" programming code.  If My Health means implementing the method of claim 1 on a computer requires programming code, that is true of every claim to software, many of which have been found patent-ineligible, and does not save the validity of the claims.

## CONCLUSION

Having made a *de novo* review of those portions of the Magistrate Judge's Reports and Recommendations (Docket Nos. 66 and 69) to which Plaintiff has filed written objections, the Court has found no error. Accordingly, the Magistrate Judge's findings of fact and conclusions of law are **ADOPTED** as those of the Court.

Also before the Court is Defendant MyNetDiary, Inc.'s Motion to Dismiss (Case No. 2:16-cv-866, Docket No. 12). That Motion also requests that the Court dismiss the complaint because the '985 Patent is drawn to ineligible subject matter. For the same reasons stated above, the Court finds that MyNetDiary, Inc.'s Motion should be **GRANTED**.

It is therefore

**ORDERED** that the Motions to Dismiss (Case No. 2:16-cv-535, Docket Nos. 12 and 25; Case No. 2:16-cv-536, Docket No. 13; Case No. 2:16-cv-544, Docket No. 15 and Case No. 2:16-cv-866, Docket No. 12) are **GRANTED**. It is further

**ORDERED** that My Health's complaints against ALR Technologies, Inc., InTouch Technologies, Inc., DeVilbiss Healthcare, LLC, MyNetDiary, Inc. and McKesson Technologies Inc. are **DISMISSED WITH PREJUDICE**.

**SIGNED this 27th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE