IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC.<br><br>v.<br><br>ALR TECHNOLOGIES, INC. | CASE NO. 2:16-cv-00535 (LEAD) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE
WHY MY HEALTH SHOULD NOT BE HELD IN CONTEMPT OF COURT**

The Court's Exceptional Case and Fees Order (Dkt. No. 131) was not enough to My Health to prevent it from continuing to flout this Court's orders and rules. This time, My Health did not comply with the Court's deadline to pay Defendants the fees awarded in the Fees Order, nor did My Health post the required supersedeas bond to stay the Fees Order pending appeal. Thus, *My Health is in clear violation of Court order* and should be held in contempt.

Further, even though the amount awarded to Defendants in the Fees Order is a fraction of the amount My Health previously demanded from Defendants to settle this case, it appears that My Health is now backtracking on its previous representation to the Court that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (Dkt. No. 89 at 7). Accordingly, and for the reasons set forth below, Defendants request that the Court (i) join My Health corporate officer Michael Eiffert and My Health outside counsel Joseph Pia[1] as third parties, and (ii) apply its Fees Order against My Health, Dr. Eiffert, and Mr. Pia as jointly and severally liable parties.

The Court should also order My Health to pay Defendants' fees and costs in connection with this motion and impose sanctions on Mr. Pia for his continued litigation misconduct.

---

[1] References to Mr. Pia include both him and his firm Pia Anderson Moss Hoyt, so as to prevent Mr. Pia from using his firm to shield against execution of the Fees Order.

1

I. **BACKGROUND**

On December 20, 2017, the Court entered an Order declaring this case exceptional and awarding Defendants their attorneys' fees. *See* Dkt. No. 131 ("Fees Order"). On January 4, 2018, Mr. Pia requested a call with the undersigned to "discuss a possible work-out and settlement on the fees and costs." Exh. A hereto (email correspondence between Mr. Pia and the undersigned) at 4. That call took place on January 8, 2018, in which Mr. Pia stated that he planned to send a proposal to Defendants regarding the Fees Order. A week after that call, having not yet received any proposal and concerned that My Health and Mr. Pia were going to backtrack on their prior representation to the Court that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (Dkt. No. 89 at 7), the undersigned sent an email to Mr. Pia expressing those concerns and requesting My Health's proposal as "[Defendants] remain open to considering whatever proposal you may have." *See* Exh. A at 2. Mr. Pia responded that "My Health has not taken a position one way or the other about its next steps" and that the undersigned's email might "have a chilling effect on My Health's desire to continue along these lines." *See id.* at 1. Mr. Pia has since not sent any proposal or other communication to Defendants.

On February 7, 2018, the undersigned sent an email to Mr. Pia taking issue with his representation to the Federal Circuit that "Defendants are unwilling to compromise," which was untrue as the undersigned last wrote to Mr. Pia that Defendants were "open to considering whatever proposal you may have." *See id.* at 1; Exh. B (My Health February 6, 2018 Docketing Statement to Federal Circuit) at 2. Additionally, the undersigned reminded Mr. Pia that My Health was required to post a supersedeas bond in order to stay the Court's Fees Order pending appeal. *See* Exh A. at 1. My Health neither responded nor posted bond. And with the passing of the February 20, 2018 deadline to comply with the Fees Order, Defendants bring this motion.

II.  ARGUMENT AND AUTHORITIES

A.  My Health Is In Contempt

"It is elementary that the court against which a contempt is committed has exclusive jurisdiction to punish for such contempt." *Texas Capital Bank v. Dallas Rodester, Ltd.*, 2015 WL 12910774, *1 (June 5, 2015 E.D. Tex.) (quoting *United States v. Barnett*, 330 F.3d 369, 385 (5th Cir. 1963)).

In seeking an order of civil contempt, the movant must establish the following by clear and convincing evidence: (1) issuance of a court order, (2) requiring specific conduct of the respondent, and (3) the respondent's failure to comply with the order. *Petroleos Mexicanos v. Crawford Enterprise*, Inc., 826 F.2d 392, 401 (5th Cir. 1987) (citations omitted). When a party, with knowledge of the order, violates an order, which requires the performance of a specific act, he commits contempt. *Whitfield v. Pennington,* 832 F.2d 909, 913 (5th Cir. 1987), *cert. denied,* 487 U.S. 1205 (1988); *see also S.E.C. v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 669 (5th Cir. 1981). Intent or willfulness is irrelevant; the only issue is compliance with the order. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949); *Whitfield*, 832 F.2d at 913; *Jim Walter Resources, Inc. v. Int'l Union, United Mine Workers,* 609 F.2d 165, 168 (5th Cir. 1980).

Here, it is indisputable that the Court issued its Fees Order on December 20, 2017 ordering that My Health pay Defendants' their attorneys' fees in the total amount of $371,862.95 by February 20, 2017 (60 days from the order), and that My Health did not make any payment to Defendants by the deadline. Thus, My Health is in contempt.

### B. Dr. Eiffert and Mr. Pia Should Be Joined Under The Court's Inherent Power

> Courts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender. [Federal] courts, equally with those of the state, are possessed of ample power to protect the administration of justice from being thus hampered or interfered with.

*Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (quoting *Lineker v. Dillon*, 275 F. 460 (N.D. Cal. 1921). Moreover, this Court has the inherent power to sanction conduct across "a full range of litigation abuses" not only by parties, but also non-parties that are closely tied to the litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991); *Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826, 858-59 (E.D. Tex. 2017) (discussing cases supporting sanctions against non-parties).

Here, it is indisputable that Dr. Eiffert, My Health's Founder, President, and CEO who has been championed as the key corporate principal behind My Health's litigation campaign, has an interest in the outcome of this case and substantially participated in these proceedings. Dkt. No. 90 at 4-5; Decl. of Dr. Michael Eiffert. Similarly, Mr. Pia has as lead counsel substantially participated in these proceedings and is signatory to various instances of litigation misconduct already found by the Court as resulting in its Fees Order and as further discussed below. Mr. Pia cannot simply claim that he and his firm acted solely on instruction of their client – it was incumbent on Mr. Pia as an officer of the Court to not make misrepresentations or otherwise mislead the Court, and to obey its rules and orders. Thus, to afford each the opportunity to respond, Dr. Eiffert and Mr. Pia should be joined as third parties under Fed. R. Civ. P. 19 and the Court's inherent powers. *See Iris Connex, LLC v. Dell, Inc.*, No. 2:15-cv-01915-JRG, Dkt. No. 74 at 1-2 (E.D. Tex. Dec. 6, 2016) (joining as third parties plaintiff's corporate principals and outside counsel).

My Health's and Mr. Pia's litigation misconduct has been pervasive throughout this case,

and even despite the various troubling findings in the Court's December 2017 Exceptional Case and Fees Order, has continued in the months since:

- Unethically, repeatedly, and directly contacting knowingly represented parties. *See* Fees Order at 11.

- Seeking over $2 million from Defendants to settle litigation on a patent that to "any litigant" was "manifestly directed to an abstract idea." *See id*. at 8.

- Demanding an almost $1 million settlement from Defendant McKesson Technologies despite being informed by the undersigned that the accused product was purchased from a licensed entity, to which My Health and Mr. Pia never responded. *See id*. at 5.

- "My Health's counsel representing that the hearing on the fees motions should be continued because of a conflict that was in fact no conflict at all." *Id*. at 6, 12.

- Arguing that the Court should stay its decision on Defendants' fees motion because My Health filed a notice of appeal on the Court's § 101 decision, but then dismissing the appeal after the Court denied My Health's stay motion. *See id*. at 5-6, 11-12.

- Falsely representing to the Federal Circuit that the parties had met and conferred, agreed to dismiss the appeal, and agreed that each side would bear their own costs. *See id*. at 12 ("That appears to have been untrue. [ ] My Health has never offered a satisfactory explanation for the misrepresentation.").

- Submitting only 23 of "more than 50" settlement/license agreements in defiance of Court's order to submit "all" agreements. *See* Aug. 15, 2017 Hr. Tr., 66:15-22; Dkt. No. 118; Dkt. No. 124, at ¶ 8 (citing Exh. E thereto).

- Failing to post the supersedeas bond required under Fed. R. Civ. P. 62 to stay execution of the Court's Fees Order pending appeal. My Health has made no overture to Defendants regarding an alternative to having to post the bond.

- Failing to comply with Court's order to pay Defendants' attorneys' fees by February 20, 2018 (60 days from order), even though My Health and Mr. Pia represented to this Court that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (Dkt. No. 89 at 7).

- On February 6, 2018, falsely representing to the Federal Circuit that "Defendants are unwilling to compromise" (Exh. B at 2) when undersigned on January 15, 2018 specifically wrote to Mr. Pia that "[w]e [ ] await the fees payment proposal you said you would send us" and "***we remain open to considering whatever proposal you may have***, and we hope to receive that from you at the earliest." Exh. A at 2 (emphasis added).

In view of the pattern of litigation misconduct in its frivolous case, misleading dealings

with the Court and Defendants, and repeated defiance of the Court's orders and rules, My Health should not now be allowed to hide behind its corporate entity status in effort to shield actual actors Dr. Eiffert and Mr. Pia from liability. Dr. Eiffert should be joined and held liable for the fees award for similar reasons as discussed in Judge Gilstrap's decision in *Iris Connex*. *See Iris Connex*, 235 F.Supp.3d at 843-44 ("the corporate form cannot be used as a shield to insulate officers and parent corporations against liability for their own tortious conduct or tortious conduct they control") (citations omitted).

      Similarly, Mr. Pia should be joined and held liable for his role in the rampant litigation misconduct he has been responsible for, or at minimum, has allowed to happen as lead counsel for My Health. As this Court again reminded Mr. Pia in its Fees Order, Fed. R. Civ. P. 11 requires an attorney to act truthfully. *See* Fees Order at 12. But Mr. Pia's continued conduct can only be interpreted as blatant disregard of the purpose behind Rule 11 and of the Court's orders and rules. Indeed, Mr. Pia's conduct in this case goes far beyond advancing a frivolous legal claim, which Judge Gilstrap found by itself sufficient to warrant sanctions. *Iris Connex*, 235 F.Supp.3d at 857. And similar to the fact pattern in *Iris Connex*, Mr. Pia in this case has continued in his ways[2] even after being rebuked by the Court in the Fees Order and the undersigned warning Mr. Pia that "[Defendants] may have to seek recourse against you and your firm in support of collecting the fees awarded to defendants (and any additional fees incurred in furtherance of that outcome)." Exh. A at 2, 3 ("you need to escrow an acceptable appeal bond amount, and absent such, we will seek to enforce the district court order in addition to seeking other relief"); *Iris Connex*, 235 F.Supp.3d at 857. As such, Mr. Pia should also be made jointly and severally liable to pay Defendants' attorneys' fees under 28 U.S.C. § 1927.

---

[2] For example, failing to post a supersedeas bond required under the Federal Rules, failing to comply with the Fees Order, and misrepresenting to the Federal Circuit that Defendants would not compromise.

### III. RELIEF SOUGHT

Accordingly, in view of the above, Defendants request that the Court:

(i) issue an order to show cause why My Health should not be held in contempt of court;

(ii) join Dr. Eiffert, and Mr. Pia and his firm, as third parties;

(iii) apply its Fees Order against My Health, Dr. Eiffert, and Mr. Pia and his firm as jointly and severally liable parties, or alternatively order that they immediately post a supersedeas bond pursuant to LOCAL RULE CV-62 ("amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs");

(iv) order payment of Defendants' attorneys' fees and costs incurred in connection with this motion, including attendant briefing and hearing (which accounting of fees and costs Defendants will provide); and

(v) at least to effect deterrence, impose sanctions on Mr. Pia for his repeated litigation misconduct.

Dated: February 27, 2018

Respectfully submitted,

By: /s/ *Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

**COUNSEL FOR DEFENDANTS ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., AND MCKESSON TECHNOLOGIES INC.**

"J" Jackson Shrum
jshrum@jshrumlaw.com
**AUSTRIA SHRUM, LLC**
1201 North Orange Street, Suite 502
Wilmington, DE 19801
Telephone: 302-543-7551

**COUNSEL FOR DEFENDANT MYNETDIARY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2018 the foregoing document and accompanying papers were served on all counsel of record via the Court's electronic filing system.

/s/ *Wasif Qureshi*
Wasif Qureshi

## CERTIFICATE OF CONFERENCE

As discussed in the foregoing motion, counsel for the parties had a telephone call on January 8, 2018 on which Mr. Joseph Pia, counsel for My Health, stated that he would send Defendants a proposal regarding the Court's Exceptional Case and Fees Order (Dkt. No. 131). On January 15, 2018, having received no such proposal from Mr. Pia, the undersigned sent an email to Mr. Pia requesting such proposal. *See* Exh. A at 2. In response, Mr. Pia stated that the undersigned's email might have "a chilling effect on My Health's desire to continue along these lines." *Id*. at 1. To date, My Health has not sent Defendants any proposal or communication regarding the Fees Order.

Additionally, on February 7, 2018, the undersigned sent an email to Mr. Pia informing him, among other things, that My Health is required to post a supersedeas bond to stay the Fees Order pending My Health's recently initiated appeal of the Fees Order. *Id*. In that email, the undersigned also cautioned Mr. Pia that absent post of the appeal bond, "[Defendants] will seek to enforce the district court order in addition to seeking other relief." *Id*. To date, My Health has not responded.

/s/ *Wasif Qureshi*
Wasif Qureshi