**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| MY HEALTH, INC.,<br><br>        Plaintiff,<br><br>      v.<br><br>ALR TECHNOLOGIES, INC., et al.<br><br>        Defendant. | Lead Case No. 2:16-CV-00535-RSW-RSP |

**MY HEALTH, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY MY HEALTH
SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff My Health, Inc. ("***My Health***"), by and through counsel, hereby submits the following Opposition to Defendants' Motion for Order to Show Cause Why My Health Should Not Be Held in Contempt of Court ("***Opposition***").

## I.    INTRODUCTION

My Health interprets the Motion as requesting only two forms of relief against My Health: i) a contempt sanction for failure to pay $371,862.95 by February 20, 2018 ("***Payment***"); and ii) attorney fees for bringing the Motion.[1] Defendants are attempting to enforce this Court's December 19, 2017 Order and award of attorneys' fees (Dkt. 131, "***Order***") through an improper request of the Court's contempt power. The nature of the Court's award against My Health under 35 U.S.C. § 285 is (or must be) a money judgment award, not an order subject to contempt.[2] In addition to overreaching by seeking a contempt finding, Defendants have improperly multiplied

---

[1] If this Court interprets the Motion as requesting other relief against My Health, then My Health requests, and due process requires, an opportunity to oppose that relief as Defendants' Motion is unclear and without precedent.

[2] My Health does not argue that the Court lacks authority to issue a contempt order in proper circumstances. That said, My Health is unaware of authority holding that Section 285 award can be enforceable by a contempt order.

the proceedings by filing a composite motion (Dkt. 137, "***Motion***") that incorrectly seeks an array of relief against My Health and multiple non-parties to this action. My Health understands that Dr. Eiffert, Mr. Pia, and the firm of Pia Anderson Moss Hoyt are separately responding through separate counsel to the parts of the Motion that seek relief against them. This brief is filed solely on behalf of My Health. Further, as set forth below, Defendants did not meet and confer in accordance with Local Rule CV-7(h) which may have resolved all or some of the issues presented in this briefing.

The December 19, 2017 Order is not enforceable through contempt because it is a money judgment that must be enforced through writ of execution, pursuant to Fed. R. Civ. P. 69(a). The Order presented specific sums to be paid to the Defendants and was appealable under 28 U.S.C. § 1291. Defendants do not provide any evidence or argument that this is anything other than a money judgment with one prescribed method of enforcement: writ of execution.

Additionally, the United States Supreme Court has made clear that "[w]here compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). In an attempt to extend liability to parties who were not subject to the order, Defendants proffer one sentence, without context, drawn from a long-ago-filed brief, to suggest that My Health is able to make the Payment but refuses to now do so. However, the question before this Court should be whether My Health had the ability to comply with the Order ***on the date for compliance***, not whether My Health believed almost a year before the Order that it could meet undefined, unliquidated obligations. Because My Health was unable to comply with the Order on the date for compliance, a contempt sanction is improper.

## II.     FACTUAL BACKGROUND

1.      On December 19, 2017, the Court entered its Memorandum Opinion and Order. (Dkt. 131.)

2.    The Order directed My Health to make the Payment, which consisted of separate attorney fee payments to four defendants, totaling $371,862.95, on or before February 20, 2018.

3.    On February 20, 2018, the only non-liquid assets of any potential material value were My Health's patent (invalidated by this Court on March 27, 2017) (Dkt. 79), and My Health's trademark.  *See* March 13, 2018 Financial Declaration of My Health ("***Financial Decl.***") at ¶¶ 13-17, filed under seal concurrently herewith as Exhibit 1.

4.    With My Health's patent invalidated, My Health has no liquid assets.  *See id.* at ¶¶ 7, 18; March 13, 2018 Declaration of Dr. Eiffert ("***Eiffert Decl.***") at ¶¶ 4-5, filed under seal concurrently herewith as Exhibit 2.

5.    My Health has limited, non-marketable assets and existing financial liabilities. *See* Eiffert Decl. at ¶¶ 5-6; Financial Decl. at ¶¶ 10-12, 16, 19.

6.    As such, My Health does not have the ability to pay the judgment.

## III.    LEGAL ARGUMENT

### A.    The Standard for Civil Contempt.

"The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Funimation Entm't v. SC Films, Int'l, Inc.*, No. 4:13-CV-329, 2013 WL 5946087, at *1, (E.D. Tex. Nov. 5, 2013) (citing *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949).

### B.    The December 19, 2017 Order is a Money Judgment, Not Enforceable By Contempt

The December 19, 2017 Order directs My Health to pay Defendants a specific sum of money, and the Order was appealable under 28 U.S.C. § 1921. Under Fifth Circuit precedent, this is a money judgment, because a money judgment "need consist of only two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite

and certain designation of the amount which plaintiff is owed by defendant." *Matter of Commonwealth Oil Refining Co., Inc.*, 805 F.2d 1175, 1186 (5th Cir. 1986); *see also Pemex Exploracion y Production v. BASF Corp.*, No. H-10-1997, 2016 WL 6806421, at *4 (S.D. Tex. Aug. 12, 2016) (holding that an order to pay defendants' attorney's fees within 30 days under a federal, prevailing party statute was a money judgment).

Under Fed. R. Civ. P. 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." The Fifth Circuit clarifies, "Rule 69(a)'s 'otherwise' clause is to be construed narrowly." *Andrews v. Roadway Express Inc.*, 473 F.3d 565, 568-69 (5th Cir. 2006). Defendants provide no evidence or argument to suggest that the money judgment requires anything other than a typical Rule 69 writ of execution to enforce. *See Pemex Exploracion,* 2016 WL 6806421, at *6 ("PEP may be an uncooperative judgment debtor, but defendants have filed to cite any authority indicating that uncooperativeness is sufficient to turn a case into one in which the remedies of Rule 70 are available.")

Because the Order awarding attorneys' fees is a money judgement that is not enforceable by contempt, Defendants' Motion should be denied. My Health respectfully suggest that because the wrong standard and relief was sought by Defendants, that the hearing should be taken off calendar and the Defendants should be instructed to pursue collection in accordance with standard forms of collecting on a money judgment.

### C. Inability to Comply Vitiates Contempt.

My Health acknowledges that the Order required that it make Payment on or before February 20, 2018, and that My Health has not made the Payment. However, even assuming My Health's failure to pay was punishable by contempt, which it is not, My Health was financially incapable of making the Payment on or before February 20, 2018.

Defendants' Motion presumes that My Health was in possession of $371,862.95 on February 20, 2018, which it could freely direct towards the Payment. "After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to

comply with the subpoena or order." *Petroleos Mexicanos,* 826 F.2d at 401 (citing *Rylander*, 460 U.S. 752 at 757). In the present Motion, Defendants have not established a prima facie case for contempt. Defendants cite My Health's Motion to Stay Pending the Outcome of the Section 101 Appeal (Dkt. 89, "***Stay Motion***") which was filed approximately one year ago, before Defendants prevailed, and before Defendants submitted their statements and billing records for a fee response, which Defendants elected to do in their Reply. (*See* Stay Motion, at 2) ("[B]ecause the billing information provided in support of Defendants' request for fees does not separate individual attorney tasks but instead offers that billing records will be provided upon Reply, the claimed amount of hours billed are not easily amenable to an analysis of the reasonableness of its claim.")  This statement should not be deemed to satisfy Defendants burden of establishing a prima facie case since the amount of fees was not established.

Even if Defendants have met their initial burden, the Supreme Court has held that a "court may not impose punishment in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." *Turner v. Rogers*, 564 U.S. 431, 442, 131 S. Ct. 2507, 2516, 180 L. Ed. 2d 452 (2011) (internal citation omitted); *see also Rylander,* 460 U.S. 752 at 757; *Ex parte Ramon,* 821 S.W.2d 711, 713 (Tex. App. 1991). The concurrently filed Financial Declaration of My Health (Exhibit 1) and Declaration of Dr. Eiffert (Exhibit 2), demonstrate that My Health lacked the ability to comply with the Order on February 20, 2018. As of that date, My Health had no real property, tangible property, securities, stocks, bonds, investment accounts, liquid assets and only limited non-marketable assets, a trademark, and existing financial liabilities.  *See* Financial Decl. at ¶¶ 5-19; Eiffert Decl. at ¶¶ 4-6. It is My Health's "present inability to comply" that determines the Motion and not whether My Health believed it would be capable of complying with the Order a year prior when it submitted its Stay Motion. My Health is unable to comply, and thus cannot be punished for contempt.

**D.     Attorney Fees Related to Defendant's Motion Should Not Be Awarded.**

1.   <u>My Health was Unable to Comply with the Order.</u>

Defendants' Motion should be denied, as My Health was unable to comply with the Order. *See* Eiffert Decl. at ¶¶ 4-6; Financial Decl. at ¶¶ 5-19.  Thus, Defendants should not be awarded any fees or costs associated with bringing this Motion.

2.   <u>Defendants' Failed to Meet and Confer</u>

Defendants' Motion should also be denied because Defendants failed to comply with Local Rule CV-7(h) which requires, "at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." The Rule explains, "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." *Id.* The Eastern District "takes very seriously the 'meet and confer' requirement prescribed by the Local Rules." *Bowie v. Martin Transport, Inc.*, No. 14-cv-998, 2015 WL 12832561, at *1 (E.D. Tex. Apr. 23, 2015). Indeed, "an unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action." Local Rule CV-7(h). District Courts have routinely denied or stricken motions where the moving party has failed to comply with the meet and confer requirement. *See, e.g., Konami Digital Entertainment Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 8-cv-286, 2009 WL 3448148, at *2 (E.D. Tex. Oct. 22, 2009); *Bowie*, 2015 WL 12832561, at *1; *see also Brown v. Bridges*, No. 12-cv-4947, 2015 WL 11121361, at *2 (N.D. Tex. Jan. 30, 2015) (" . . . [p]laintiff has no excuse for not attempting to confer or providing a certificate of conference. That failure alone supports denying the motions.")

In this instance, the meet and confer requirement is particularly important because of the broad-sweeping and unprecedented relief sought by Defendants.  All or some of the issues presented in the Motion and corresponding response briefs by three parties, two of which were not previously parties to this action, could have been resolved through the meet and confer process. Multiple request and opportunities were given to Defendants to abide by the meet and

confer requirement. They were rebuffed as unnecessary, or by vague assertions that the requirement had been through other unrelated communications. *See* Exh. 3. Had Defendants complied with the requirement to meet and confer, they would have learned that the Order was only enforceable through writ of execution, and the delay in payment of the Section 285 award was because of My Health's financial situation and its inability—and not refusal—to comply with the Order.

Defendants' failure to address these issues through conference before seeking judicial intervention increases costs for the Court and the Parties. Today, Defendants failed to properly meet and confer before filing a motion to dismiss My Health's Notice of Appeal before the Court of Appeals for the Federal Circuit. Defendants filed their motion less than three hours after notifying My Health of the intended motion and without discussion or response from My Health. *See* Exhibits 4-5.

## IV.        CONCLUSION

For the reasons set forth above, this Court should deny the Motion, and instruct Defendants to pursue appropriate means of enforcement of a money judgment.

DATED this 13th day of March, 2018.             Respectfully submitted,

*/s/ Joseph G. Pia (with permission)*
PIA ANDERSON MOSS HOYT
136 East South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: 801.350.9000
Facsimile: 801.350.9010

Charles Ainsworth
State Bar No.  00783521
Parker Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

On March 13, 2018, I electronically submitted the foregoing with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that, electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2), I have served all counsel of record.

*/s/ Joseph G. Pia (with permission)*