IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC.<br><br>v.<br><br>ALR TECHNOLOGIES, INC. | CASE NO. 2:16-cv-00535 (LEAD)<br><br>▮ |

**DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION
OF ORDER DEFERRING HEARING (DKT. NO. 147)**

As discussed in Defendants' Reply (Dkt. No. 145) to My Health's Response (Dkt. No. 140) to Defendants' Motion for Contempt (Dkt. No. 137),[1] My Health's claim that it is unable to pay and comply with the Court's Fees Order (Dkt. No. 131) is particularly troublesome. *See* Dkt. No. 145, at 2-4. Defendants are concerned that their rights will be further prejudiced and adversely affected (likely irrevocably) if My Health is allowed to cover its tracks with the passage of time until Defendants' Motion for Contempt is heard and decided. Specifically, delay may enable My Health, Dr. Eiffert, and the Pia Firm to obfuscate the movement and location of assets that could be used to pay the ordered fees award. My Health has already once abused the appeal process to game the litigation process apart from the merits of the appeal. *See* Dkt. No. 131 (Fees Order) at 6, 11-12 (stating that My Health's conduct with respect to its prior noticed appeal '**cast this conclusion [that My Health did not intend to evade the Fees Order]** *in doubt*.') (emphasis added).

Defendants' concerns have been further exacerbated by My Health's local counsel today filing a motion to withdraw in part because they "believe they have an obligation under the Texas Disciplinary Rules of Professional Conduct to withdraw from the representation of My Health, Inc."

---

[1] Defendants' also filed replies to Dr. Eiffert's and the Pia Firm's responses to Defendants' Motion for Contempt. Dkt. Nos. 144, 146.

*See* Dkt. No. 148, at 1.[2] When the undersigned requested clarification, My Health's local counsel responded that "[b]ecause of attorney client privilege issues I don't believe that I can elaborate further." *See* Exh. B hereto, at 2.

In addition, further investigation of the one page document My Health filed as showing its purported checking account balance (Dkt. No. 141 (sealed), Exh. A to Dkt. No. 140) has revealed that despite representing to the Court ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ All this supports Defendants' suspicions that ██████████████████████████████████████████ and conducted activity to hinder, delay, or defraud the Court's Fees Order, including prior to that order when My Health knew Defendants were seeking fees (stemming from My Health's prior representations to the Court that it could pay the sought fees).

Accordingly, Defendants urgently request that the Court hear and decide the issues raised in Defendants' Motion for Contempt that impact or could prejudice Defendants' ability to collect the

---

[2] My Health's local counsel had to file the motion as opposed because My Health would not respond to its own local counsel despite "several attempts to confirm by multiple methods over the last several days." Dkt. No. 148, at 1.

[3] It is unclear whether this is My Health's only checking account.

[4] In the document My Health filed, certain text below the balance section was discernible. For Exh. A hereto, standard software was used to bring out that text.

ordered fees award. This includes ensuring that My Health immediately post the supersedeas bond *required* under Fed. R. Civ. P. 62 and Local Rule CV-62 to stay execution of the Court's Fees Order pending appeal. In the event that My Health continues to maintain it is not capable of paying this bond, there is sufficient suggestion of malfeasance (outlined in Defendants' Reply (Dkt. No. 145)), the above, and further in view of the Motion to Withdraw filed by My Health's local counsel (Dkt. No. 148) to warrant further expedited financial discovery as to the veracity of My Health's claims in response to Defendants' Motion for Contempt. Defendants believe that – without the Court's intervention – My Health will deplete and/or otherwise obfuscate the movement and location of its and Dr. Eiffert's assets, including those resting with Dr. Eiffert and/or the Pia Firm, to further prejudice Defendants' ability to collect the fees award.

      Moreover, if the Court remains unwilling at this time to join Dr. Eiffert and the Pia Firm as jointly and severally liable parties for the fees award, Defendants request that Dr. Eiffert and the Pia Firm at least be made parties for the purpose of being subject to party discovery by Defendants of the financial records and related documents/communications of My Health, Dr. Eiffert, and the Pia Firm.

Dated: March 22, 2018

Respectfully submitted,

By: /s/ *Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

**COUNSEL FOR DEFENDANTS ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., AND MCKESSON TECHNOLOGIES INC.**

"J" Jackson Shrum
jshrum@austriashrum.com
**AUSTRIA SHRUM, LLC**
1201 North Orange Street, Suite 502
Wilmington, DE 19801
Telephone: 302-543-7551

**COUNSEL FOR DEFENDANT MYNETDIARY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 22, 2018 the foregoing document and accompanying papers were served on all counsel of record via the Court's electronic filing system.

/s/ *Wasif Qureshi*
Wasif Qureshi