

Wasif Qureshi
Partner
wqureshi@jw.com
(713) 752-4521 direct

July 11, 2018

*Via ECF*

The Honorable Robert W. Schroeder III
The Honorable Roy S. Payne
United States District Court for the Eastern District of Texas
500 North State Line Avenue, Third Floor
Texarkana, Texas 75501

Re: *My Health v. ALR Technologies, et al.*, Case No. 2:16-cv-00535 (lead)

Dear Judges Schroeder and Payne:

In its April 19, 2018 Order, the Federal Circuit cast doubt on Plaintiff My Health, Inc.'s ability to appeal Judge Payne's § 285 exceptional case and attorneys' fees decision in the referenced case (Dkt. No. 131) because My Health failed to lodge objections to that decision:

> Nonetheless, this appeal may not be able to proceed for another reason: it appears that My Health did not object to the magistrate judge's decision. While motions for attorney's fees may be referred to a magistrate judge "under Rule 72(b)," Fed. R. Civ. P. 54(d)(2)(D), a party is generally precluded from seeking appellate review if they failed to first file objections with the district court to the magistrate judge's ruling within 14 days.

Exh. A provided herewith (April 19, 2018 Federal Circuit Order), at 3 (citations omitted). The Federal Circuit thereupon ordered My Health to show cause why the appeal should not be dismissed. *Id*.

In its show cause briefing, My Health argued that Judge Payne's decision did not provide My Health with notice of the timeframe for filing objections with this Court and of the consequences that could follow for not objecting. Exh. B provided herewith (May 3, 2018 My Health Response to Show Cause Order ), at 3. In so arguing, My Health specifically confirmed its knowledge of the 14-day objection period under Rule 72(b)(2) and language used by this Court in magistrate decisions – including in an earlier decision by Judge Payne in this case (Dkt. No. 66) – setting forth the "specific instructions notifying the parties of the requirement to object before appealing." *Id*. at 2-3 ("This notice is standard when this Magistrate Judge provides non-final recommendations."). My Health also confirmed it understood the risk of not objecting: "The general rule is that a litigant waives its right to contest a magistrate judge's conclusions by failing to object within 14 days." *Id*. at 4.

Hon. Robert W. Schroeder III
Hon. Roy S. Payne
July 11, 2018
Page 2

After the show cause briefing was completed, the Federal Circuit dismissed My Health's appeal because it found that this Court had not issued a "final decision" on the issue of attorneys' fees. Exh. C provided herewith (June 13, 2018 Federal Circuit Order), at 2.

Regardless of its prior arguments about not being provided specific notice to object to Judge Payne's attorneys' fees decision, there can be no doubt that with the issuance of the Federal Circuit's dismissal order, My Health was clearly on notice of its obligation to timely file objections to Judge Payne's decision or otherwise waive its ability to appeal. *See Morgan v. Tx. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 506 (5th Cir. 2013) ("Morgan did not object to or seek district court review of the [Magistrate Judge's] orders denying his motions to compel discovery. We therefore lack jurisdiction to consider Morgan's argument that the [Magistrate Judge] erred by denying his motions to compel."); *see also Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) (holding that 5th Circuit did not have jurisdiction to consider challenge to a magistrate judge's ruling because party did not seek review in the district court).

Despite its admitted knowledge of the 14-day objection period under Rule 72(b)(2) and the consequences for failing to so object, My Health has done nothing in the 28 days since the Federal Circuit dismissed My Health's appeal. In contrast to its previous stated belief that filing objections to Judge Payne's decision was not "a possible avenue" (Exh. B, at 3), My Health was acutely aware upon the Federal Circuit's dismissal order that Judge Payne's decision was deemed not final and thus filing objections was possible. But My Health has filed none.

Accordingly, Defendants request that (i) Judge Payne's decision be made a "final decision" of this Court and (ii) the Court take up enforcing payment of Defendants' attorneys' fees, including through joinder of My Health's outside counsel and sole corporate officer, as set forth in Defendants' motion at Dkt. No. 137.[1]

Respectfully,

Wasif H. Qureshi
Counsel for Defendants


cc: Counsel of record (via ECF)

---

[1] To the extent My Health still attempts to appeal the final decision, Defendants request that the Court expressly require My Health to post bond to stay enforcement. Fed. R. Civ. P. 62(d).