# EXHIBIT A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MY HEALTH, INC.,**
*Plaintiff-Appellant*

v.

**ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., MCKESSON TECHNOLOGIES INC.,**
*Defendants-Appellees*

**DEVILBISS HEALTHCARE, LLC,**
*Defendant*

---

2018-1455

---

Appeal from the United States District Court for the Eastern District of Texas in Nos. 2:16-cv-00535-RWS-RSP, 2:16-cv-00536-RWS-RSP, 2:16-cv-00866-RWS-RSP, and 2:16-cv-00881-RWS-RSP, Judge Robert Schroeder III.

---

**ON MOTION**

---

Before STOLL, *Circuit Judge*.

**O R D E R**

The United States District Court for the Eastern District of Texas determined that My Health, Inc.'s patent was invalid. My Health initially appealed, but later withdrew its appeal. On December 19, 2017, the magistrate judge ordered My Health to pay over $370,000.00 in attorney fees to the appellees within 60 days. My Health has appealed that decision, but it has not paid the fees, offered a bond, or asked to stay the judgment. The appellees now move for this court to dismiss the appeal under the fugitive-disentitlement doctrine.

The Supreme Court has held that "federal courts do have authority to dismiss an appeal . . . if the party seeking relief is a fugitive while the matter is pending." *Degen v. United States*, 517 U.S. 820, 824 (1996). As its name would suggest, the doctrine provides that a fugitive is not entitled to "access to the judicial system whose authority he evades." *Giri v. Keisler*, 507 F.3d 833, 835 (5th Cir. 2007) (citation and internal quotation marks omitted). The Fifth Circuit summarized five justifications for the doctrine: (1) it may be impossible to enforce any judgment if the defendant is a fugitive, (2) the fugitive defendant waived the right to appeal by fleeing, (3) to discourage escape attempts, (4) because the defendant's escape impedes the court's ability to adjudicate the case efficiently, and (5) the escape is an affront to the dignity and authority of the court. *See Bagwell v. Dretke*, 376 F.3d 408, 411 (5th Cir. 2004) (citations omitted).

While the fugitive-disentitlement doctrine is not limited to criminal matters, a common theme of the civil cases on which the appellees have relied is that the party had fled from some sort of custody. *Giri* involved a fugitive alien seeking to challenge the dismissal of his application for asylum. 507 F.3d at 835. In *Bagwell*, the Fifth Circuit considered a dismissal in a writ of habeas corpus case from a prisoner who had escaped authority. 376 F.3d at 411. And in *Conforte v. Commissioner for Internal Revenue*, 692 F.2d 587, 589–90 (9th Cir. 1982), the party

seeking to suppress the use of grand jury materials in his civil tax case was "a fugitive from justice in [his] criminal case." 692 F.2d at 589.

My Health, however, is not in a comparable situation. And the court is not inclined, at least from the arguments raised in the motions papers, to extend the doctrine to the present circumstances where the party has failed to comply with an order to pay attorneys' fees. Such failure to pay does not itself make it impossible to adjudicate this case efficiently or to enforce a judgment.

Nonetheless, this appeal may not be able to proceed for another reason: it appears that My Health did not object to the magistrate judge's decision. While motions for attorney's fees may be referred to a magistrate judge "under Rule 72(b)," Fed. R. Civ. P. 54(d)(2)(D), a party is generally precluded from seeking appellate review if they failed to first file objections with the district court to the magistrate judge's ruling within 14 days. *See* Fed R. Civ. P. 72(b); *Morgan v. Tx. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 506 (5th Cir. 2013). While there is an exception to that rule where the parties have consented to having the magistrate judge enter judgment, 28 U.S.C. § 636(c), it is not clear to the court that the parties gave such authority.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied.

(2) Within 14 days from the date of filing of this order, My Health is directed to show cause why this appeal should not be dismissed. Within 10 days thereafter, the appellees may respond. Any reply is due within 5 days of the filing of the response.

(3) The briefing schedule is stayed.

4        MY HEALTH, INC. v. ALR TECHNOLOGIES, INC.

                      FOR THE COURT

                       <u>/s/ Peter R. Marksteiner</u>
                       Peter R. Marksteiner
                       Clerk of Court

s31