# EXHIBIT B

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

MY HEALTH, INC.

*Plaintiff-Appellant,*

v.

ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., MCKESSON TECHNOLOGIES INC.

*Defendants-Appellees.*

_____

Appeal from the United District Court for the
Eastern District of Texas in No. 2:16-cv-00535, Judge Robert W. Schroeder III

_____

**PLAINTIFF-APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE**

_____

Joseph G. Pia
PIA ANDERSON MOSS HOYT
136 E. South Temple, 19th Floor
Salt Lake City, UT 84111
(801) 350-9000

*Counsel for Plaintiff-Appellant
My Health, Inc.*

May 3, 2018

I. **PROCEDURAL HISTORY**

Appellant My Health, Inc. ("My Health") commenced the underlying patent infringement action on May 19, 2016 in the Eastern District of Texas ("Texas Litigation"). On May 23, 2016, the Honorable District Judge Robert W. Schroeder III referred this case to Magistrate Judge Roy S. Payne. Texas Litigation Dkt. 7, attached hereto as Exhibit A. On January 19, 2018, My Health timely filed a notice of appeal of the December 19, 2017 order regarding attorney's fees. Texas Litigation Dkts. 134, attached hereto as Exhibit B. Appellees moved to terminate the appeal under the fugitive-disentitlement doctrine. Dkt. 20. On April 19, 2018, the Court denied Appellees' motion and ordered My Health to show cause why this appeal should not be dismissed for failure to object to the Magistrate Judge's decision before filing the appeal. Dkt. 27. My Health hereby responds to that order and submits that the appeal should not be dismissed.

II. **MY HEALTH DID NOT NEED TO OBJECT TO THE MAGISTRATE JUDGE'S ORDER BEFORE APPEALING.**

Federal Rule of Civil Procedure 72(a) permits a district judge to assign certain "nondispositive" matters to a magistrate judge to "hear and **decide**." Fed. R. Civ. P. 72(a) (emphasis added). As such, the Magistrate Judge was empowered to issue a final, appealable order under 35 U.S.C. § 285 (a nondispositive motion) in a post-judgment proceeding as it has done in many other cases. *See e.g., Phoenix Licensing, LLC v. LPL Licensing, LLC*, No. 16-cv-152 (E.D. Tex. Mar. 12, 2018); *Eidos*

1

*Display, LLC v. AU Optronics Corp.*, No. 11-cv-201 (E.D. Tex. Mar. 5, 2018); *Effective Exploration, LLC v. Bluestone Natural Resources II, LLC*, No. 16-cv-607 (E.D. Tex. Jan. 18, 2018).

The Order regarding fees indicates that the Magistrate Judge intended to provide a final order, and not a report and recommendation to which the parties could object. The title of the Magistrate Judge's fees order is "Memorandum Opinion and Order." Texas Litigation, Dkt. 134 at 1, attached hereto as Exhibit C. The Order provides analysis and concludes, "it is **ordered** and **adjudged** as follows . . ." *Id.* at 13 (emphasis added). This Court's order to show cause also acknowledges that the "magistrate judge ordered My Health" to pay attorney's fees, instead of recommending that outcome. Dkt. 27 at 2.

The language in the Magistrate Judge's Order contrasts with the wording used in other cases where the magistrate judge's opinion was not intended to be a final order. For instance, earlier in this case, the Magistrate Judge submitted an opinion **recommending** the granting of a motion to dismiss. Texas Litigation Dkt. 66, attached hereto as Exhibit D. That opinion was titled, "Report and Recommendation." *Id.* at 1. The report concluded that the pending motion "**should** therefore be granted." *Id.* at 7 (emphasis added).

Additionally, the Report and Recommendation carried specific instructions notifying the parties of the requirement to object before appealing:

2

> A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days from the entry of this Order shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

*Id.* at 7. This notice is standard when this Magistrate Judge provides non-final recommendations. *See, e.g., Soverain IP, LLC v. Microsoft Corp.*, No. 2:17-cv-204, at 3-4 (E.D. Tex. Dec. 12, 2017); *Salazar v. HTC Corp.*, No. 2:16-cv-1096, 2018 WL 1310007, at *3 (E.D. Tex. Feb. 14, 2018); *Elbit Systems Land and C4I Ltd. v. Hughes Network Systems, LLC*, No. 2:15-cv-37, at 45 (E.D. Tex. June 20, 2017); *ByteMark Inc. v. Masabi Ltd.*, No. 2:16-cv-543, at 2 (E.D. Tex. Apr. 28, 2017). The Magistrate Judge's Order from which this appeal arises does not contain any similar notice or warning.

Understanding that the Magistrate Judge had issued a final order, My Health did not object to the Order regarding attorney's fees because it did not appear that an objection to the District Court was a possible avenue. Instead, My Health filed its notice of appeal within 30 days of the entry of the order pursuant to Fed. R. App. P. 4(a). Ex. B.

### III. THE ORDER DID NOT NOTIFY THE PARTIES OF ANY NEED TO OBJECT BEFORE APPEALING.

The general rule is that a litigant waives its right to contest a magistrate judge's conclusions by failing to object within 14 days. Fed. R. Civ. P. 72(b); *Morgan v. Texas Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 506 (5th Cir. 2013). For waiver to apply, however, "a magistrate judge **must** inform the party about both the timeframe for filing objections and that waiver will follow from inaction." *Oleksy v. Gen. Elec. Co.*, No. 2017-1609, 2017 WL 3446613 (Fed. Cir. Mar. 22, 2017) (quoting *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011) (emphasis added). Failure to object to a report and recommendation within 14 days of service only bars the party from appealing, "provided that the party has been served with notice that such consequences will result from a failure to object." *Rroku v. Cole*, No. 16-31074, 2018 WL 1128960, at *2 (5th Cir. Feb. 28, 2018) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996), 79. F3d 1415, 1428-29 (5th Cir. 1996) (en banc) (footnotes omitted), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)). Here, the Magistrate Judge did not provide notice or warning to My Health of the consequences of not objecting to the fees Order. Consequently, My Health's appeal should not be dismissed for lack of objection when the required notice was not given. Furthermore, there is no order by the District Judge adopting the Magistrate Judge's order, indicating that the District Judge also viewed the Magistrate Judge's Order as final.

4

## IV. IF THE MAGISTRATE JUDGE'S ORDER IS NOT A FINAL, APPEALABLE ORDER, THE APPEAL SHOULD BE DISMISSED WITHOUT PREJUDICE, AND MY HEALTH SHOULD BE ABLE TO OBJECT AND RE-FILE ITS APPEAL WHEN A FINAL ORDER IS ENTERED.

In the alternative, if the Magistrate Judge lacked authority to enter a final, reviewable order regarding fees, the District Court would still need to enter its own order before an appeal could be filed. Under such circumstances, the appeal should be dismissed without prejudice, and My Health should be granted the allotted period (14 days) to file an objection to the Magistrate Judge's Order, thus allowing the District Court to "undertak[e] the appropriate proceedings to make the determination on [fees] a final one that may be appealed." *Oleksy*, 2017 WL 3446613, at *1; *see also* 28 U.S.C. § 636(b)(1). This would be the appropriate course, because this Court is limited to reviewing a "final decision" of a district court. 28 U.S.C. § 1295(a)(1); *Oleksy*, 2017 WL 3446613, at *1. If the District Court adopted the Magistrate's Order over My Health's timely objection, My Health would then have the right to appeal the District Court's order.

## V. CONCLUSION

In short, everything about the Order, from its title, its judgment language, and its lack of warning regarding the need to object indicates that the Order was final and that it was not necessary to object to the Order before appealing. If the Order was not final, My Health has not waived its right to appeal by not objecting because the Magistrate Judge did not provide notice regarding the timeframe for objecting or

5

that failure to object would waive the right to appeal the non-final order. For these reasons, and those set forth above, the appeal should proceed.

Should the appeal need to be dismissed so that a final order can be entered, that dismissal should be without prejudice and My Health should be given the opportunity to object to the Magistrate Judge's Order and to re-file the appeal, if necessary.

Dated: May 3, 2018

Respectfully submitted,

*/s/ Joseph G. Pia*
Joseph G. Pia
PIA ANDERSON MOSS HOYT
136 E. South Temple, 19th Floor
Salt Lake City, UT 84111
(801) 350-9000

*Counsel for Appellant My Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **PLAINTIFF-APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE** with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served a copy on counsel of record this May 3, 2018 by the CM/ECF system and by electronic mail to the parties on service list below:

| | |
|---|---|
| Wasif Qureshi<br>JACKSON WALKER LLP<br>1401 McKinney St., Suite 1900<br>Houston, TX 77010<br>(713) 752-4521<br>wqureshi@jw.com | Blake Dietrich<br>JACKSON WALKER LLP<br>2323 Ross Ave., Suite 600<br>Dallas, TX 75201<br>(214) 953-5992<br>bdietrich@jw.com |

Dated: May 3, 2018

*/s/ Joseph G. Pia*
Joseph G. Pia
*Attorney for Plaintiff-Appellant My Health, Inc.*

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

My Health, Inc. v. ALR Technologies, Inc., et al

Case No. 18-1455

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ■ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

My Health, Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| My Health, Inc. | My Health, Inc. | None |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

CAPSHAW DERIEUX, L.L.P.- Elizabeth L. DeRieux
PARKER BUNT & AINSWORTH - Charles Anisworth
PIA ANDERSON MOSS HOYT- Chrystal Mancuso-Smith

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

None, other than the District Court Case No: 2:16-cv-00535 (E.D. Tex.) from which this appeal comes.

5/3/2018
Date

/s/ Joseph G. Pia
Signature of counsel

Joseph G. Pia
Printed name of counsel

Please Note: All questions must be answered

cc: All counsel of record via CM/ECF

Reset Fields