# EXHIBIT B

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**MY HEALTH, INC.,**
*Plaintiff-Appellant*

v.

**ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., MCKESSON TECHNOLOGIES INC.,**
*Defendants-Appellees*

**DEVILBISS HEALTHCARE, LLC,**
*Defendant*

2018-1455

Appeal from the United States District Court for the Eastern District of Texas in Nos. 2:16-cv-00535-RWS-RSP, 2:16-cv-00536-RWS-RSP, 2:16-cv-00866-RWS-RSP, and 2:16-cv-00881-RWS-RSP, Judge Robert Schroeder III.

Before MOORE, WALLACH, and TARANTO, *Circuit Judges.*

MOORE, *Circuit Judge.*

### O R D E R

On April 19, 2018, this court asked the parties to show cause why we should not dismiss My Health Inc.'s

appeal from the magistrate judge's order to pay attorney fees to the appellees because it appeared that My Health had not filed any objection with the district court. Having now received the responses, we *dismiss*.

Section 1295(a)(1) provides that this court has jurisdiction over an appeal from a "final decision" of a "district court" in a case that arises under the patent laws. A decision of a magistrate judge is not ordinarily considered final within the meaning of § 1295(a)(1). *See Barber v. Shinseki*, 660 F.3d 877, 878–79 (5th Cir. 2011); *Gregg v. Linder*, 349 F.3d 860, 862 (5th Cir. 2003); *Olesky v. Gen. Elec. Co.*, 2017-1609, 2017 WL 3446613, at *1 (Fed. Cir. Mar. 22, 2017) (citing cases from other circuits). While there is an exception where the parties have consented to having the magistrate enter judgment, 28 U.S.C. § 636(c), My Health does not contend that it gave such consent.

My Health points out that the magistrate judge's order failed to notify the parties of the timeframe for filing objections with the district court and of the consequences that may follow for not objecting. It may be true that such failure to notify precludes a determination that My Health has waived any right to seek further review of the magistrate judge's decision in the district court or on appeal. As it currently stands, the district court has not issued a final, appealable decision on the issue of attorney fees. Accordingly, this court must dismiss the case for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

MY HEALTH, INC. v. ALR TECHNOLOGIES, INC. 3

FOR THE COURT

<u>/s/ Peter R. Marksteiner</u>
Peter R. Marksteiner
Clerk of Court

s31