# EXHIBIT C

**No. 18-1455**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

M Y H EALTH, I NC.,

*Plaintiff-Appellant,*

v.

ALR T ECHNOLOGIES, I NC., I N T OUCH T ECHNOLOGIES, I NC., M Y N ET D IARY, I NC., AND M C K ESSON T ECHNOLOGIES I NC.,

*Defendants-Appellees.*

On Appeal from the United Stated District Court for the Eastern District of Texas
No. 2:16-cv-00535

**APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL DUE TO APPELLANT'S FAILURE TO COMPLY WITH DISTRICT COURT ORDER**

———————————————

W ASIF H. Q URESHI
wqureshi@jw.com
B LAKE T. D IETRICH
bdietrich@jw.com
**J ACKSON W ALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: (713) 752-4200

*Counsel for Defendants-Appellees*

# APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL DUE TO APPELLANT'S FAILURE TO COMPLY WITH DISTRICT COURT ORDER

Appellant My Health's Response (ECF No. 25), together with its recent claim to the District Court – made *after* Appellees filed their motion to dismiss here – that My Health cannot pay the fees award (despite previously representing that it could pay), reveals an effort by My Health to use this appeal as a game of "heads I win, tails you'll never find me." *See Giri v. Keisler*, 507 F.3d 833, 835-36 (5th Cir. 2007) (citations omitted). This, in connection with the fact that My Health sits in open violation of the District Court's § 285 Fees Order and has taken no action to stay that order, and against the backdrop of My Health's bad faith and misconduct already found by the District Court (including in regard to this Court), amounts to such disrespect of the legal process that My Health should not be entitled to appeal unless and until it (and/or its sole shareholder and its counsel) becomes capable of being "bound by a loss." *Giri*, 507 F.3d at 836.

## I.     Additional Background

The vacuum and selective reference in My Health's Response warrants additional context to avoid misdirection. The District Court magistrate and district judges found that My Health's asserted patent was directed to "unquestionably abstract" subject matter that "[did] not come close" to the eligibility threshold of 35 U.S.C. § 101. Dkt. No. 66 (Exh. E), at 3; Dkt. No. 78 (Exh. F), at 6. My

Health's arguments otherwise were found to be "implausible." Exh. F, at 4-5, n.4; Exh. E, at 6.

In view of the District Court's § 101 ruling and various instances of litigation misconduct, Appellees on April 10, 2017 moved to have the case declared exceptional and for their attorneys' fees under 35 U.S.C. § 285. Dkt. No. 121-2 (Exh. G) (public version of § 285 motion filed at Dkt. No. 81, without exhibits). My Health then sought to stay proceedings on Appellees' § 285 motion pending an appeal that My Health had noticed with respect to the District Court's § 101 ruling. ECF No. 20-3. As basis for its sought stay, My Health expressly acknowledged that Appellees were "seeking to collect over $370,000" and represented that Appellees "***will not be harmed***" by staying the § 285 motion because "[t]here [was] ***no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees***." *Id.* at 1, 2, 7 (emphasis added).

The District Court denied My Health's stay motion. ECF No. 25[1], at 59. Then, on the day its appeal brief was due, My Health instead moved to dismiss its appeal. No. 2017-1972, ECF No. 21. In its § 285 Fees Order, the District Court found that these circumstances suggested that My Health intended to use the appeal process "***to evade*** a determination on defendants' fees motion." ECF No.

---

[1] Because My Health filed its response and exhibits as a single document, page references to ECF No. 25 are with respect to that filed document.

2

20-2, at 11-12 (emphasis added), 12 (finding certain representations to the Federal Circuit in My Health's motion to dismiss as "appear[ing] to have been untrue").

Among various other instances of litigation misconduct, the District Court in its § 285 Fees Order reiterated that "any litigant" should have known that My Health's asserted patent was "manifestly directed to an abstract idea" and "[t]here was no credible argument" otherwise. *Id*. at 8. And in view of its litigation history and settlement agreements My Health was ordered to submit, the District Court found that "My Health was filing lawsuits 'for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims.'" *Id*. at 9-10 (quoting *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015)). Indeed, the District Court found My Health's case and litigation misconduct to be "exceptional for a number of reasons." *Id*. at 7.

Against the backdrop discussed above, the District Court on December 20, 2017 declared My Health's case exceptional under 35 U.S.C. § 285 and ordered My Health to pay Appellees their attorneys' fees "within 60 days." *Id*. at 13-14. During that compliance period, Appellees on multiple occasions reached out to My Health regarding payment of the fees award (including indicating that Appellees were "open to considering whatever proposal you may have") and the need to post a supersedeas bond to avoid violating the § 285 Fees Order. Exh. K, at 5-7. My Health did not respond and let the February 20, 2018 compliance deadline pass

3

with no payment of the fees award or overture to Appellees or the District Court to stay the § 285 Fees Order.

Given that My Health previously attempted to secure a stay of the fees proceedings by representing to the District Court that it could pay Appellees' sought fees, but then later violated the § 285 Fees Order by not paying, Appellees filed a Motion for Contempt in the District Court. ECF No. 20-4. That motion in part seeks to join My Health's sole shareholder (Michael Eiffert) and counsel (the Pia law firm) and render them jointly and severally liable for the full amount of the fees award in view of their roles in the unreasonableness, bad faith, and misconduct by which this case was brought and litigated, culminating (at least at this juncture) with violation of a court order My Health previously said it could comply with. *Id.* (detailing misconduct, including various instances already found by the District Court).

The District Court initially set a hearing for March 27, 2018 on Appellees' Motion for Contempt. ECF No. 20-5. In response to the motion, My Health represented to the District Court – for the first time and <u>after</u> Appellees filed its motion to dismiss here – that My Health was unable to pay the fees award.² ECF No. 25, at 20-21. In replies to separate responses filed by Dr. Eiffert, My Health,

---

² My Health's inability to pay claim further supports the policy reasons underlying Appellees' sought relief under the doctrine of disentitlement (ECF No. 20-1, at 2-3), namely that My Health is gaming the system by appealing with nothing to lose.

4

and the Pia law firm, Appellees further explained the wrongdoings of My Health and its associates and why the District Court should grant relief in furtherance of its § 285 Fees Order. Dkt. No. 144 (Exh. H), Dkt. No. 145 (Exh. I); Dkt. No. 146 (Exh. J). However, on March 22, 2018, the District Court after further consideration deemed it prudent to defer hearing and ruling on Appellees' Motion for Contempt pending this appeal. ECF No. 25, at 12.

## II.   My Health's Disrespect And Gamesmanship Of The Legal Process

My Health's recent claim that it cannot pay the fees award means that this appeal, if allowed, will further run up Appellees' costs and fees, while My Health has nothing to lose despite being in a position of blatant violation of court order. Indeed, My Health's Response argues that bond is optional, which is convenient as it effectively purports to be judgment-proof. Without staying the § 285 Fees Order, My Health's sought appeal here eviscerates the purpose behind supersedeas bonds. Namely, My Health stands to either prevail with nothing on the line, or, if it fails, simply claim that it cannot pay the fees award or the additional costs and fees incurred by Appellees in having to defend against this appeal.

To avoid this, My Health at minimum should have, under Fed. R. App. P. 8, sought a stay of the § 285 Fees Order with either the District Court (Rule 8(a)(1))

5

or this Court (Rule 8(a)(2)).[3] Putting aside the merits of any such motion,[4] more than three months after the § 285 Fees Order and more than a month past the ordered compliance deadline, My Health has filed no such request for stay.

Instead, My Health's position is one of indifference to the § 285 Fees Order. For My Health, either this Court will overturn the § 285 Fees Order and My Health prevails. Or this Court will affirm the § 285 Fees Order and My Health will simply declare insolvency in the face of any attempt to enforce or execute the judgment. In short, My Health's scheme seeks to never have to comply with the court order it appeals here.[5]

---

[3] To the extent My Health's Response is deemed to be a request that this Court grant a stay pursuant to Fed. R. App. P. 8(a)(2), My Health should be held to the "must" requirement in Rule 8(a)(2) and show why "moving first in the district court would be impracticable." Indeed, My Health could have requested the District Court to stay the § 285 Fees Order at any time, including in connection with briefing on Appellees' Motion for Contempt. Having failed to do so, it appears that My Health's failure to move under Rule 8(a)(1) was a desire to avoid having to explain to the District Court My Health's inconsistent representations to the District Court about My Health's ability to pay the fees award. *Compare* ECF No. 20-3, at 7 *with* ECF No. 25, at 20-21.

[4] Appellees' discussion in Section I *supra* shows why My Health would be unable to establish the requisite likelihood of success needed for a stay. *See Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 222 Fed. App'x. 970, 971 (Fed. Cir. 2007) ("To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor.") (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).

[5] Indeed, this possibility is a basis of Appellees' pending attempt to join Dr. Eiffert and My Health's outside counsel as jointly and severally liable parties, including under 28 U.S.C. § 1927 with respect to My Health's counsel.

In this circumstance, precipitated by My Health's recent claim of inability to pay, dismissal is warranted under this Court's inherent power and the equitable doctrine of fugitive (or appellant) disentitlement. Courts[6] have held that "[a]s a general matter, willful flouting of the judicial system on the part of one seeking appellate redress should not go wholly unrecognized." *United States v. DeValle*, 894 F.2d 133, 134 (5th Cir. 1990); *see also Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (stating that an individual who seeks to invoke the processes of the law while flouting them has no entitlement "to call upon the resources of the Court for determination of his claims") (citations omitted). The fugitive disentitlement doctrine embodies that principle and limits a party's "access to the judicial system whose authority he evades." *Bagwell v. Dretke*, 376 F.3d 408, 410 (5th Cir. 2004).

Indeed, the doctrine of fugitive disentitlement has been recognized as ***a proper basis for dismissal in civil cases***. *See, e.g.*, *Giri v. Keisler*, 507 F.3d 833, 835-36 (5th Cir. 2007) ("Litigation entails reciprocal obligations: an appellant (or petitioner) who demands . . . a favorable outcome must ensure that an adverse decision also can be carried out. . . . Someone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; ***the best solution is to***

---

[6] For purposes of Appellees' motion here, Fifth Circuit law applies. *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134, 1136 (Fed. Cir. 2015) ("Because the question . . . is a procedural issue not unique to patent law, we apply regional circuit law.").

*dismiss the proceeding*.") (emphasis added) (citation omitted); *see also Conforte v. C.I.R.*, 692 F.2d 587, 589 (9th Cir. 1982) ("the rule should apply with greater force in civil cases where an individual's liberty is not at stake").

Here, My Health is a "fugitive" of the District Court's order. And having failed to post bond or obtain a stay under Fed. R. Civ. P. 62 or Fed. R. App. P. 8, My Health stands to either prevail in this appeal or claim insolvency in the face of any attempt to execute an affirmed judgment. Effectively, My Health is using this appeal to play a game of "heads I win, tails you'll never find me." *Giri*, 507 F.3d at 835-36 (citing *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003)).

Thus, My Health's appeal should be dismissed unless and until My Health (and more likely, with Dr. Eiffert and My Health's outside counsel) is capable of being "bound by a loss," through for example being required to obtain and post bond to maintain this appeal.[7,8] *Id.*

---

[7] Appellees submit that allowing My Health's appeal here to proceed would encourage future appellants to simply ignore and violate lower court orders, deplete or transfer away assets in order to claim insolvency, and further abuse legal process by appealing with nothing to lose, while at the same time increasing appellees' costs and fees to defend against such wrongdoing.

[8] Here, **My Health, which earlier said it could pay the $ 371,862.95 fees award, now effectively claims that the at least $2.5 million it secured in its litigation campaign prior to this case is gone**. This purported evaporation of My Health's assets is being challenged in connection with Appellees' Motion for Contempt in the District Court, but the District Court has now put that motion on hold pending the outcome of the proceedings here.

### III.    Judicial Economy Warrants Dismissal

My Health's Response claims that Appellees' Motion for Contempt in the District Court is "heavily in dispute." ECF No. 25, at 1. But there is no dispute that the outcome of that motion is of significant import. Specifically, for example, the District Court could join Dr. Eiffert and My Health's counsel as jointly and severally liable parties, as well as address serious issues raised by My Health's recent inability to pay claim. It is in the interest of judicial efficiency for that decision to be made before this Court hears any appeal relating to the District Court's § 285 Fees Order. Otherwise, this Court, by allowing the instant appeal to proceed (while the District Court defers ruling on Appellees' Motion for Contempt), would likely have to address similar issues in a second or multiple additional appeals arising from the District Court's decision on the contempt motion.[9]

Moreover, in view of My Health's suspicious about-face on its ability to pay the fees award, delay of proceedings in the District Court, including as to urgently needed financial discovery of My Health and its associates, will further prejudice (likely irrevocably) Appellees' ability to ensure compliance with the § 285 Fees

---

[9] If made jointly and severally liable, Dr. Eiffert and My Health's outside counsel could separately appeal the § 285 Fees Order and the District Court's order on Appellees' Motion for Contempt, leading to duplicative appeals.

9

Order.

**IV. Appellees Acted Reasonably Despite My Health's Prior Refusals To Confer**

Despite My Health refusing to respond to Appellees' overtures in regard to the § 285 Fees Order (*see* Exh. K, at 3-4), Appellees did reach out to My Health prior to filing the motion here. It was evident based on My Health's conduct to date that My Health would not timely respond (if at all) in hope to frustrate Appellees' motion. Appellees reasonably indicated that My Health would be opposed.

**V. Conclusion**

Accordingly, Appellees request that this Court grant their motion to dismiss.[10]

---

[10] Should this Court grant the motion, Appellees intend to move to recover their attorneys' fees and costs in view of My Health's conduct regarding this appeal.

10

Dated: March 25, 2018

Respectfully submitted,

*/s/ Wasif H. Qureshi*

WASIF H. QURESHI
wqureshi@jw.com
BLAKE T. DIETRICH
bdietrich@jw.com
**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: (713) 752-4200

*Counsel for Defendants-Appellees*

## Certificate of Service

I hereby certify that on March 25, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system. Service of the foregoing document on counsel of record in this case will be accomplished by the CM/ECF system.

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi

Case 2:16-cv-00535-RWS-RSP Document 266-3 Filed 03/26/18 Page 14 of 17 PageID #: 2534
Case 18-1455 Document 66 Filed: 03/25/2018 Page 2 of 8

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

My Health, Inc.    v.    ALR Technologies, Inc., et al.

Case No. 18-1455

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ■ (appellee) ☐ (amicus) ☐ (name of party)

ALR Technologies, Inc.; InTouch Technologies, Inc.; MyNetDiary, Inc.; McKesson Technologies Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| ALR Technologies, Inc. | ALR Technologies, Inc. | None |
| InTouch Technologies, Inc. | InTouch Technologies, Inc. | None |
| MyNetDiary, Inc. | MyNetDiary, Inc. | None |
| McKesson Technologies Inc. | McKesson Technologies LLC | See Attachment A |
|  |  |  |
|  |  |  |
|  |  |  |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:
None.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

None (other than My Health, Inc. v. ALR Technologies, Inc., et al., Case No. 2:16-cv-00535 (E.D. Tex.), from which that court's order at Dkt. No. 131 is the subject of appellant's appeal).

3/25/2018
Date

/s/ Wasif Qureshi
Signature of counsel

Please Note: All questions must be answered

Wasif Qureshi
Printed name of counsel

cc: All counsel of record via CM-ECF

Reset Fields

Attachment A

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| McKesson Technologies Inc. | McKesson Technologies LLC | Change Healthcare LLC; McKesson Corporation (NYSE: MCK); Blackstone Group LP (NYSE: BX) |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Federal Circuit Rule 32(a) or Federal Rule of Federal Circuit Rule 28.1.

   ☒ This brief contains [state the number of] 2598 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), or

   ☐ This brief uses a monospaced typeface and contains [state the number of] _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

   ☒ This brief has been prepared in a proportionally spaced typeface using

   [state name and version of word processing program] Microsoft Word 2016 in

   [state font size and name of type style] 14-pt Times New Roman, or

   ☐ This brief has been prepared in a monospaced typeface using

   [state name and version of word processing program] _____ with

   [state number of characters per inch and name of type style] _____ .

/s/ Wasif H. Qureshi
(Signature of Attorney)

Wasif H. Qureshi
(Name of Attorney)

Counsel for Appellees
(State whether representing appellant, appellee, etc.)

March 25, 2018
(Date)

[Reset Fields]