# EXHIBIT D

No. 18-1455

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

M&shy;Y H&shy;EALTH, I&shy;NC.,

*Plaintiff-Appellant,*

v.

ALR T&shy;ECHNOLOGIES, I&shy;NC., I&shy;N&shy;T&shy;OUCH T&shy;ECHNOLOGIES, I&shy;NC., M&shy;Y&shy;N&shy;ET&shy;D&shy;IARY, I&shy;NC.,
AND M&shy;C&shy;K&shy;ESSON T&shy;ECHNOLOGIES I&shy;NC.,

*Defendants-Appellees*.

On Appeal from the United Stated District Court for the Eastern District of Texas
No. 2:16-cv-00535

**APPELLEES' OPPOSITION TO APPELLANT'S MOTION
TO MODIFY THE BRIEFING SCHEDULE**

_____

W&shy;ASIF H. Q&shy;URESHI
wqureshi@jw.com
B&shy;LAKE T. D&shy;IETRICH
dietrich@jw.com
**J&shy;ACKSON W&shy;ALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: (713) 752-4200

*Counsel for Defendants-Appellees*

# APPELLEES' OPPOSITION TO APPELLANT'S MOTION
# TO MODIFY THE BRIEFING SCHEDULE

While Defendants-Appellees recognize that a first request for an extension of time to file the appellant's brief is normally granted, the instant circumstance is not typical, as follows:

## I. MY HEALTH SHOULD NOT ENJOY ANY JUDICIAL LENIENCE

Plaintiff-Appellant My Health, Inc. should not be afforded procedural relief when it sits in open disregard of court order and rule. *See* ECF No. 20 (Mar. 13, 2018). Namely, My Health (i) continues to violate the District Court's attorneys' fees order ("Fees Order") on which this appeal is based, and (ii) has failed to post the supersedeas bond required under Fed. R. Civ. P. 62 to stay the Fees Order. *Id*.

## II. MY HEALTH'S PRIOR LITIGATION MISCONDUCT IN ATTEMPT TO SCUTTLE THE FEES ORDER

In effort to delay proceedings in the District Court relating to Defendants-Appellees' 35 U.S.C. § 285 exceptional case and attorneys' fees motion ("Fees Motion") that resulted in the Fees Order, My Health previously feigned scheduling hardship and misused the appeals process, including lodging misrepresentations with this Court. For example, in the District Court, on May 1, 2017, My Health moved to stay proceedings on the Fees Motion on the basis that it was appealing the District Court's order invalidating My Health's asserted patent under 35 U.S.C. § 101, which order was one of the grounds for the Fees Motion. ECF No. 20-3 (My

1

Health Motion For Stay Pending Appeal). On May 22, 2017, the District Court denied My Health's stay motion and set hearing on the Fees Motion for June 19, 2017. Dkt. 98 (Exh. A).

On June 13, 2017, My Health's counsel moved the District Court to continue the Fees Motion hearing citing scheduling hardship due to a trial conflict in another case, ***even though*** My Health's counsel knew but did not apprise the District Court or Defendants-Appellees that the trial purportedly creating the conflict was going to be moved by almost two months. ECF No. 20-2 (Fees Order), at 6, 12 (District Court: "Similar questionable avoidance tactics occurred here, with My Health's counsel representing that the hearing on the fees motions should be continued ***because of a conflict that was in fact no conflict at all***.") (emphasis added).

My Health's "questionable avoidance tactics" were further evinced when on the day its appeal brief was due – in the very appeal that My Health argued to the District Court warranted a stay of proceedings on the Fees Motion – My Health simply filed a motion to dismiss the appeal. *Id*. at 5-6, 11-12 (District Court finding My Health's litigation behavior "troubling").

Moreover, in that motion to dismiss, My Health represented to this Court that its motion was unopposed and that Defendants-Appellees had agreed that each side would bear its own costs. ***That was not true*** – Defendants-Appellees had not been conferred with. *Id*. at 6, 12 (District Court: "The motion to dismiss the appeal

2

My Health filed with the Federal Circuit is also troubling.").

### III.  MY HEALTH'S MOTION FAILS TO PROVIDE GOOD CAUSE

In regard to the March 27, 2018 hearing in the District Court on Defendants-Appellees' Motion for Contempt Against My Health (ECF Nos. 20-4, 20-5), each of My Health, non-party Michael Eiffert (My Health's founder and CEO), and non-party My Health's counsel have already filed responses to the Motion for Contempt, well in advance of the current deadline for My Health's opening brief in this appeal. Further, any scheduling hardship resulting from the March 27, 2018 hearing date on the Motion for Contempt and response to Defendants-Appellees' Motion to Dismiss (ECF No. 20) is a result of My Health's own doing in its blatant refusal to comply with the Fees Order, or to take any action to stay the Fees Order.

With respect to My Health's excuses in regard to purported commitments in other cases and the size of My Health's counsel's firm, My Health's counsel seemed to have no hardship in filing and litigating dozens of cases for My Health when it was on the offense attempting to secure settlements from various companies. Further, unless its purpose is to avoid having to submit an affidavit attendant with an extension request of more than 14 days (Federal Circuit Rule 26(a)(5)), it makes no sense that My Health would seek an extension to April 9, 2018, the same day it claims its counsel has due "multiple motions for summary judgment" in which they are "heavily involved in." ECF No. 22, at 2.

3

Thus, My Health's alleged need to "fulfill all obligations" (*id.*) – which it has already failed to do in its defiance of the Fees Order – does not amount to good cause for the sought extension.

## IV. THE SOUGHT EXTENSION STANDS TO PREJUDICE DEFENDANTS-APPELLEES

As discussed above, My Health has at least in "questionable" and "troubling" manner attempted to delay proceedings relating to the Fees Order. Additionally, at least based on recent filings in response to Defendants-Appellees' Motion for Contempt, Defendants-Appellees have reason to believe that My Health has improperly transferred monies in attempt to avoid payment under the Fees Order. This belief is at least based on My Health's statement in its aforementioned May 1, 2017 Motion For Stay Pending Appeal that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (ECF No. 20-3, at 7), in contrast to now claiming to the District Court that it is unable to pay the award in the Fees Order.

Thus, Defendants-Appellees fear that any delay of this appeal[1] will be used by My Health and its associates, including its counsel, to further obfuscate the movement and location of the settlement and licensing revenue My Health received over the course of its prolific litigation campaign.

---

[1] Defendants-Appellees have moved to dismiss this appeal. ECF No. 20.

4

**V.    CONCLUSION**

Accordingly, in view of the above, My Health's motion to extend the deadline for its appeal brief should be denied.

Dated:  March 15, 2018                                 Respectfully submitted,

                                                                           */s/ Wasif H. Qureshi*

                                                                           WASIF H. QURESHI
                                                                           wqureshi@jw.com
                                                                           BLAKE T. DIETRICH
                                                                           dietrich@jw.com
                                                                           **JACKSON WALKER LLP**
                                                                           1401 McKinney Street, Suite 1900
                                                                           Houston, Texas 77010
                                                                           Tel: (713) 752-4200

                                                                           *Counsel for Defendants-Appellees*

## Certificate of Service

I hereby certify that on March 15, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system. Service of the foregoing document on counsel of record in this case will be accomplished by the CM/ECF system.

                                                                           */s/ Wasif H. Qureshi*
                                                                           Wasif H. Qureshi

5

FORM 9. Certificate of Interest | Form 9 Rev. 10/17

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

My Health, Inc.   v.   ALR Technologies, Inc., et al.

Case No. 18-1455

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ■ (appellee) ☐ (amicus) ☐ (name of party)

ALR Technologies, Inc.; InTouch Technologies, Inc.; MyNetDiary, Inc.; McKesson Technologies Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| ALR Technologies, Inc. | ALR Technologies, Inc. | None |
| InTouch Technologies, Inc. | InTouch Technologies, Inc. | None |
| MyNetDiary, Inc. | MyNetDiary, Inc. | None |
| McKesson Technologies Inc. | McKesson Technologies LLC | See Attachment A |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:
None.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b). (The parties should attach continuation pages as necessary).

None (other than My Health, Inc. v. ALR Technologies, Inc., et al., Case No. 2:16-cv-00535 (E.D. Tex.), from which that court's order at Dkt. No. 131 is the subject of appellant's appeal).

3/15/2018
Date

/s/ Wasif Qureshi
Signature of counsel

Please Note: All questions must be answered

Wasif Qureshi
Printed name of counsel

cc: All counsel of record via CM-ECF

Reset Fields

Attachment A

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| McKesson Technologies Inc. | McKesson Technologies LLC | Change Healthcare LLC; McKesson Corporation (NYSE: MCK); Blackstone Group LP (NYSE: BX) |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Federal Circuit Rule 32(a) or Federal Rule of Federal Circuit Rule 28.1.

☒ This brief contains [state the number of] 999 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), or

☐ This brief uses a monospaced typeface and contains [state the number of] _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

☒ This brief has been prepared in a proportionally spaced typeface using

[state name and version of word processing program] Microsoft Word 2016 in

[state font size and name of type style] 14-pt Times New Roman , or

☐ This brief has been prepared in a monospaced typeface using

[state name and version of word processing program] _____ with

[state number of characters per inch and name of type style] _____ .

/s/ Wasif H. Qureshi
(Signature of Attorney)

Wasif H. Qureshi
(Name of Attorney)

Counsel for Appellees
(State whether representing appellant, appellee, etc.)

March 15, 2018
(Date)

Reset Fields

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MY HEALTH, INC., | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00535-RWS-RSP |
| | § | |
| ALR TECHNOLOGIES, INC. | § | |

## ORDER

Before the Court is Defendants' Motion to Declare Cases Exceptional and for Attorneys' Fees (Dkt. No. 81). The Court will hear argument on the motion on Monday, June 19, 2017 at 2:00 p.m. DeVilbiss Healthcare's Motion for Leave to Join Motion to Declare Cases Exceptional (Dkt. No. 82) is **GRANTED**. My Health's Motion to Stay Pending Appeal (Dkt. No. 89) is **DENIED**.

**SIGNED this 22nd day of May, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE