**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALR TECHNOLOGIES, INC., et al. <br><br> Defendant. | Lead Case No. 2:16-CV-00535-RWS-RSP |

**MY HEALTH, INC.'S MOTION TO
(1) MODIFY REPORT AND RECOMMENDATION (DKT. 131) UNDER RULE 60(b)
(2) DENY MOTION FOR ORDER TO SHOW CAUSE (DKT. 137) AS MOOT**

I.  **INTRODUCTION**

Since the Magistrate granted Defendants' motion for § 285 fees (Dkt. 131, the "Order"), Defendants have taken steps that have effectively undone the finality of the Order, misused court procedures, and prolonged a case that was dismissed at the pleading stage. Pursuant to Fed. R. Civ. P. 60(b), and under the totality-of-the-circumstances framework, My Health requests that the Court modify the order to (1) leave its finding of exceptionality undisturbed, but (2) to award no fees against My Health. In the alternative, My Health requests that the Court reduce the amount of the award by the fees consumed in defending against Defendants' improper motion practice to seek a contempt finding of what it argued to the Federal Circuit was a non-final order (to obtain dismissal of the appeal). Should the Court revise the Order, Defendants' motion for contempt would become moot, Defendants recently filed "Notice" would be moot, and as a practical matter so would My Health's Objection (filed concurrently) and any appeal, thereby effectively ending this case.

Defendants' actions include:

(1) Arguing to the Federal Circuit that Defendants "did not consent to entry of judgment by the magistrate judge under 28 U.S.C. § 636(c)," and consequently that the Magistrate Judge lacked the authority to enter a final, appealable Order regarding attorneys' fees. Fed. Cir. App. No. 18-1455, Dkt. 29 at 3.

(2) Seeking to enforce the non-final Order through contempt proceedings. Dkts. 137, 144, 145, 146; Fed. Cir. App. No. 18-1455, Dkts. 20, 29.

(3) Declining to pursue the Order through appropriate processes set forth in Fed. R. Civ. P. 69 and therefore wasting its collection opportunities. Fed. R. Civ. P. 69(a) ("[a] money judgment is enforced by a writ of execution . . .").

(4) Causing non-parties to appear in the case by naming them in improperly brought contempt proceedings without having followed the timing, filing, and due process requirements for joinder. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000).

(5) Representing to the Federal Circuit that My Health's appeal should be dismissed because it was in contempt, even though the Magistrate had held that it was deferring on contempt reasoning that "the more prudent course of action is to revisit defendants' request if and when the Federal Circuit affirms the award." (Dkt. 166-1 at 2; Dkt. 147 at 1; *see also* Dkt. 161 (denying Defs. Emergency Motion for Reconsideration on the same grounds).

 (6) Re-arguing to this Court that My Health's appeal cannot be maintained without first obtaining a supersedeas bond even after that argument has been rejected by the Federal Circuit. Dkt. 158 at 3 (holding that "failure to pay [the attorney's fee award] does not itself make it impossible to adjudicate this case efficiently or to enforce a judgment.").

 (7) Filing a personal letter to the Magistrate and the District Judge, and then after rejection, re-filing the letter as an exhibit to a two-sentence Notice to avoid the meet and confer requirements and normal briefing of filing a motion. *See also* other failures to meet-and-confer: Dkt. 140 at 6-7 (filing a motion for contempt without a proper meet and confer); Fed. Cir. App. No. 18-1455, Dkt. 25 at 4 (filing a motion to dismiss the appeal less than three hours after notifying My Health by email that it intended to do so, avoiding a meet-and-confer).

Defendants' conduct post-Order merits reconsideration of the Order.

## II. <u>ARGUMENT</u>

Fed. R. Civ. P 60(b) permits courts to relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> **(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);**
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or **misconduct by an opposing party;**
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6) any other reason that justifies relief.**

(emphasis added). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted).

Pursuant to Rule 60(b)(2)(3) and (6), Defendants' post-Order behavior, merits modification of the Magistrate's opinion and order granting Defendants' motion for fees. An appropriate modification would be to leave undisturbed the finding of exceptionality, while awarding no fees to Defendants under § 285. *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (holding that the conduct of all parties is to be considered in the *Octane* totality-of-the-circumstances inquiry); *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d

198, 201 (Fed. Cir. 1986) ("Even an exceptional case does not require in all circumstances the award of attorney fees."). Alternatively, My Health requests that the Court reduce the amount of fees by the expense associated with Defendants' post-order filings including the motion for contempt and emergency reconsideration of the Magistrate's decision, and other post-judgment proceedings attributable to Defendants' actions.[1] Dkts. 137-147, 150-157, 163-164, 166-167; Fed. Cir. App. No. 18-1455, Dkts. 20, 23, 25-28, 30-31.

On December 20, 2017, Magistrate Judge Payne entered an opinion finding the case to be exceptional and awarding $371,862.95 in attorneys' fees to Defendants. Dkt. 131.[2] In issuing the Order, the Court had considered extensive briefing, conducted a hearing, and permitted post-hearing briefing. Dkts. 81, 90, 97, 112. The Order recited that "[i]n sum, the totality of the circumstances support the conclusion that My Health's cases are exceptional." Dkt. 131 at 12. Defendants successfully obtained what appeared to be an enforceable judgment upon which they could execute through normal collection processes under Fed. R. Civ. P. 69. *See Matter of Commonwealth Oil Ref. Co., Inc.*, 805 F.2d 1175, 1186 (5th Cir. 1986); *Pemex Exploración Y Producción BASF Corp. Pemex Exploración Y Producción v. Big Star Gathering Ltd L.L.P.*, No. 10-cv-1997, 2016 WL 6806421, at *4 (S.D. Tex. Aug. 12, 2016) (holding that an order to pay defendants' attorney's fees within 30 days under a federal, prevailing party statute was a money

---

[1] Upon request, My Health and accused non-parties will provide billing records and associated costs for filings arising out of Defendants' post-Order motion practice.

[2] This attorney's fee award was based on work associated with a single patent, the case was dismissed early on, much of the work could have been completed by an attorney with a lower billing rate, and large portions of the IPR petition were copied verbatim from an IPR filed by another party years before. *Compare Click4Care, Inc. v. My Health Inc.*, IPR2014-00435 Paper 1 at (PTAB Feb 14, 2014) *with McKesson Corp. v. My Health Inc.,* IPR2017-00312 Paper 2 at (PTAB Nov. 29, 2016). Defendants' counsel also re-used their work product in the filing of separate briefing in these cases (and perhaps from previous cases). For example, Motions to Dismiss filed separately by McKesson (Dkt. 25) and InTouch (Dkt. 13 from Case No. 2:16-cv-00536, prior to consolidation) are nearly verbatim copies of one another and the majority of both of those motions were lifted from ALR's separate Motion to Dismiss (Dkt. 12) which is itself nearly a verbatim copy of MyNetDiary's Motion (Dkt. 12 from Case No. 2:16-cv-00866 prior to consolidation). Additionally, all of the Replies in Support of these motions (Dkt 21, 22, 41 and 44) are substantially similar.

judgment). Under Fed. R. Civ. P. 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." The Fifth Circuit clarifies, "Rule 69(a)'s 'otherwise' clause is to be construed narrowly." *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568–69 (5th Cir. 2006).[3] On January 19, 2018, My Health filed a Notice of Appeal to the Federal Circuit. Dkt. 134.

In the months following the order, Defendants failed to undertake post-judgment collection proceedings set forth by Rule 69 and governing statutes and rules. Instead, Defendants sought to enforce the order through an inapplicable remedy: contempt. Dkt. 137. Defendants' contempt motion requested relief against My Health, and informally sought relief against non-parties My Health's principal and legal counsel. Defendants did not file a separate motion seeking to add parties, and "[a] mere request within a brief support a larger motion is not a proper means to obtain joinder of a non-party." *SyncPoint Imaging, LLC v. Nintendo of America, Inc.*, No. 15-cv-247 (E.D. Tex. June 6, 2018). Defendants likewise failed to provide any evidence of a veil piercing theory or other mechanism for holding My Health's principal liable and provided no citation to any precedent for holding its law firm jointly liable. Yet, the seriousness of Defendants' claims necessitated the engagement of counsel to represent and appear for the non-parties.

The Court thereafter scheduled an Order to Show Cause hearing. Parties and non-parties briefed the matter. Dkts. 138, 139, 140, 144, 145, 146. The Court found that deferring the hearing and further proceedings until after the resolution of the appeal would be "the more prudent course of action is to revisit defendants' request if and when the Federal Circuit affirms the award." Dkt. 147 at 1. Defendants then filed an emergency motion for reconsideration that was denied. Dkts. 150, 161. At all times before the Magistrate, Defendants treated the order as a final adjudication

---

[3] Defendants' argument provides no evidence or argument to suggest that a money judgment permits a motion for contempt, or anything other than a typical Rule 69 writ of execution to enforce. *See Pemex Exploración Y Producción BASF Corporation Pemex Exploración Y Producción*, 2016 WL 6806421, at *6 ("PEP may be an uncooperative judgment debtor, but defendants have filed to cite any authority indicating that uncooperativeness is sufficient to turn a case into one in which the remedies of Rule 70 are available.").

of the case requiring compliance by My Health and enforcement by the Court.[4]

Ironically, Defendants represented on appeal to the Federal Circuit that the Magistrate's order was not final. "[T]he parties did not consent to entry of judgment by magistrate judge under 28 U.S.C. § 636(c)," and consequently that the Magistrate Judge lacked the authority to enter a final, appealable order regarding attorney's fees. Fed. Cir. App. No. 18-1455, Dkt. 29 at 3. An examination of the audio transcript of the December 19, 2016 scheduling conference reveals that My Health *did* consent to entry of judgment by the Magistrate Judge but that Defendants' refusal to consent ultimately prevented the fee order from being a final, appealable judgment that could be executed. Dkt. 160.

Defendants argued to the Federal Circuit that as a non-final order, the appeal should be dismissed with prejudice for failure to file an objection. Fed. Cir. App. No. 18-1455, Dkt. 29 at 4, 7-8. At the same time, Defendants maintained their position to the District Court that Defendants should be held in contempt for failing to comply with the order. Defendants were therefore seeking to enforce ***what they knew to be a non-final judgment that they had not consented to*** and calling for emergency District Court intervention. *See New Hampshire v. Maine*, 532 U.S. 742, 742-43 (2001) ("Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding . . . he may not thereafter, simply because his interests have changed, assume a contrary position. . .").

Defendants also represented to the Federal Circuit that the appeal must be dismissed because My Health "stands in an attitude of refusal, defiance, and contempt of the District Court." Dkt. 166-1 at 2. This representation was very misleading, since (1) Defendants later argued that

---

[4] During the time that Defendants sought to enforce the order, they discovered that as a practical matter that My Health does not have the ability to pay. Dkt. 140 at 4-5; Dkt 141-1 at ¶¶ 7, 10-19; Dkt. 141-2 at ¶¶ 4-6. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) ("[T]he respondent can defend against a case for civil contempt] by showing a present inability to comply with the subpoena or order.") Defendants' solution was to informally ask the Magistrate post-judgment to hold My Health's principal and counsel jointly and severally liable without filing a separate motion requesting this relief. Dkt. 137. Defendants did not comply with the timing requirements of the case to join parties. Fed. R. Civ. P. 54(d)(2)(B).

5

the order was not final, and (2) Defendants were aware that the Magistrate had deferred ruling on the issue of contempt until after the appeal. Dkt. 147. The Magistrate re-emphasized its decision to defer ruling on contempt by denying Defendants' emergency motion for reconsideration. Dkt. 161.

Defendants also made several other arguments that lacked merit. For example, Defendants have continued to argue, without legal support, that My Health's fundamental right of appeal should be contingent upon its posting of a supersedeas bond. Dkts. 137, 145, 150, 164-1; Fed Cir. Dkts. 20-1, 26-1, 23-1. "If an appeal is taken, the appellant *may* obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)." Fed. R. Civ. P. 62(d) (emphasis added). The appellate court specifically held that My Health's "failure to pay [the attorney's fee award] does not itself make it impossible to adjudicate this case efficiently or to enforce a judgment." Dkt. 158 at 3. Yet, Defendants again remake that same argument to this Court. Dkt. 164-1 at 2.

Most recently, Defendants filed an *ex parte* personal letter and, when rejected by the Court, a pro-forma notice requesting the Court to make the order final and negate My Health's appeal rights. Defendants have thus asked the Court to take action without permitting responsive briefing or a hearing. They have avoided the meet-and-confer requirements of Local Rule CV-7(h) which requires, "at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." This is not the first time Defendants have sought immediate court intervention by circumventing standard processes. *See also* other failures to meet-and-confer: Dkt. 140 at 6-7 (filing a motion for contempt without a proper meet and confer); Fed. Cir. App. No. 18-1455, Dkt. 25 at 4 (filing a motion to dismiss the appeal less than three hours after notifying My Health by email that it intended to do so, avoiding a meet-and-confer). District Courts have routinely denied or stricken motions where the moving party has failed to comply with the meet and confer requirement. *See e.g., Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 8-cv-286, 2009 WL 3448148, at *2 (E.D. Tex. Oct. 22, 2009); *Bowie*, 2015 WL 12832561, at *1; *see also Brown v. R. Bridges*, No. 12-cv-4947, 2015 WL 11121361, at *2 (N.D. Tex. Jan. 30, 2015) (finding that counsel "has no excuse for not attempting

6

to confer or providing a certificate of conference. That failure alone supports denying the motions.").

Since it is by and through Defendants' insistence that the finality of the Order is undone and that the case is back in the hands of the Magistrate, there is reason to factor Defendants' actions into the *Octane* totality-of-the-circumstances inquiry and modify the Order. *Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015). Defendants refused to proceed with standard Rule 69 enforcement mechanisms. And, it is clear that Defendants will suffer no prejudice where, as a practical matter, My Health simply is incapable of paying the fees award. Dkt. 140 at 4-5; Dkt 141-1 at ¶¶ 7, 10-19; Dkt. 141-2 at ¶¶ 4-6. Therefore, My Health respectfully requests that the order be altered in the least intrusive way possible to maintain the finding of exceptionality, while denying any award of fees. *S.C. Johnson & Son, Inc.*, 781 F.2d at 201. This finding will in turn moot Defendants' motion for contempt (Dkt. 137), moot Defendants recently filed "Notice," and render inapplicable My Health's concurrently filed Objection and any appeal.

## CONCLUSION

For the reasons set forth above, the order should be modified to make a finding of exceptionality but to award no fees whatsoever to Defendants; or alternative, to offset any fee award by unnecessary costs occasioned by Defendants' improper filings.

DATED this 30th day of July, 2018.                  Respectfully submitted,

*/s/ Joseph G. Pia*
PIA ANDERSON MOSS HOYT
136 East South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: 801.350.9000
Facsimile: 801.350.9010

*Attorneys for Plaintiff My Health, Inc.*

## **CERTIFICATE OF SERVICE**

On July 30, 2018, I electronically submitted the foregoing with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that, electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2), I have served all counsel of record.

*/s/ Hilda Echegaray*
Hilda Echegaray

## **CIVIL LOCAL RULE 7 CERTIFICATE**

Pursuant to Civil Local Rule 7(i)(8), My Health submits this motion without a meet and confer.