**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MY HEALTH, INC., | § § § | |
| | § | Case No. 2:16-cv-00535-RWS-RSP |
| *Plaintiff*, | § § | |
| v. | § § | |
| ALR TECHNOLOGIES, INC., *et al.*, | § § | |
| *Defendants*. | § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM OPINION AND ORDER

In this patent case, Plaintiff has filed two pleadings seeking relief from the Magistrate Judge's order to pay Defendants' attorneys' fees under 35 U.S.C. § 285. First, Plaintiff has submitted objections to the Magistrate Judge's fees order (Docket No. 167). Second, Plaintiff has moved for relief from the fees order under Federal Rule of Civil Procedure 60(b) (Docket No. 168). Plaintiff's Rule 60(b) motion requests that this Court maintain the exceptionality finding but deny any award of fees under 35 U.S.C. § 285. *Id.* at 7. Plaintiff argues that the denial of the fees award will moot Defendants' now-withdrawn contempt motion (Docket No. 137) and its objections to the Magistrate Judge's exceptionality finding and fees award. For the reasons explained below, the Court **ADOPTS** the Magistrate Judge's order awarding § 285 fees to Defendants (Docket No. 131), **OVERRULES** Plaintiff's objections (Docket No. 167) and **DENIES** Plaintiff's Rule 60(b) request for relief (Docket No. 168).

## BACKGROUND

In May of 2016, Plaintiff filed several patent infringement lawsuits in this district, including the instant matter. This case was referred to the Magistrate Judge Roy S. Payne for all pre-trial matters pursuant to 28 U.S.C § 636. In March of 2017, the Court found U.S. Patent No. 6,612,985 ("the '985 patent" or "the Asserted Patent"), invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101. Docket Nos. 66, 78. After the Defendants' motions to dismiss were granted and final judgment was entered by this Court, Defendants moved for attorneys' fees under § 285. Plaintiff appealed from the Court's ruling on invalidity (Docket No. 85) and requested that Defendants' motion for fees be stayed pending appeal (Docket No. 89). In requesting the stay, Plaintiff argued that there "is no allegation or basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees following a ruling from the Federal Circuit should My Health lose the appeal." Docket No. 89 at 7. The Magistrate Judge denied Plaintiff's request to stay the motion for fees pending appeal. Docket No. 98.

The Magistrate Judge ultimately found this case to be exceptional, noting the weakness of Plaintiff's patent-eligibility position, the number of lawsuits settled on the cusp of a merits determination, the similarities in the settlement amounts representing nuisance value, Plaintiff's improper communication with represented defendants, Plaintiff's dismissal of the appeal with the Federal Circuit to seemingly avoid the Federal Circuit's review of this Court's invalidity decision, and Plaintiff's misrepresentation that the parties met and conferred regarding the dismissal of the appeal. Docket No. 131. Accordingly, the Magistrate Judge ordered Plaintiff to pay fees within 60 days of the order. *Id.* at 13. Plaintiff filed a notice of appeal to the Federal Circuit of this order one month later (Docket No. 134), without first having objected to and seeking review of the Magistrate Judge's order by this Court. Plaintiff failed to pay within the allotted time and

Defendants subsequently moved for an order requiring Plaintiff to show cause why it should not be held in contempt for failure to comply with the order on fees (Docket No. 137).

On April 19, 2018, the Federal Circuit ordered Plaintiff to show cause why its appeal of the fees award should not be dismissed, as it appeared to the Federal Circuit that Plaintiff had not filed any objection to the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(b). Docket No. 158 at 3. On June 13, 2018, the Federal Circuit dismissed the appeal for lack of jurisdiction. Docket No. 162. The Federal Circuit cited 28 U.S.C. § 1295(a)(1), which provides that the Federal Circuit has jurisdiction over an appeal from a *final decision* of a district court in a case that arises under the patent laws. *Id.* at 2. Noting that Plaintiff had not filed any objection to the fees award with the district court, that Plaintiff did not contend that it consented to the Magistrate Judge entering a judgment on fees, and that the fees order did not notify the parties of the timeframe for filing objections, the Federal Circuit found that this Court did not enter a final, appealable decision on the issue of attorney fees. *Id.* Following the Federal Circuit's dismissal of the appeal on the fees order, Defendants withdrew their motion to show cause, *see* Docket No. 172 at 2. Plaintiff has now filed two concurrent pleadings, seeking to remedy its procedural error and to modify the Magistrate Judge's award of fees.

## DISCUSSION

### A. Plaintiff's Objections

Federal Rule of Civil Procedure 72 permits a party to serve and file objections to a magistrate judge's findings within 14 days after being served with a copy of either dispositive or nondispositive orders. FED. R. CIV. P. 72(a)-(b). For nondispositive matters, "[a] party may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that

is clearly erroneous or is contrary to law." *Id.* For dispositive matters, a magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1). A party's failure to file written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition bars that party from *de novo* review by the district judge. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court takes note of the Federal Circuit's guidance that it may be precluded from finding that My Health waived its right to seek further review of the magistrate judge's decision by the district court because the magistrate judge's order failed to notify the parties of the timeframe for filing objections and the consequences that may follow for not objecting. *See* Docket No. 162 at 2. Out of an abundance of caution, the Court reviews *de novo* the objected-to portions of the Magistrate Judge's order. However, the Court finds troubling that Plaintiff waited an additional six weeks following the Federal Circuit's June 13, 2018 dismissal order before filing its instant objections—well beyond the prescribed 14-day objection period under Rule 72(b). Setting aside the questions of the timeliness of the objections, Plaintiff cannot obtain relief from the Magistrate Judge's fees order because Plaintiff's substantive arguments lack merit. Plaintiff submits three objections to the Magistrate Judge's fees order and the Court considers each in turn.

Plaintiff first objects that the '985 patent was not so exceptionally weak as to weigh heavily in favor of a finding of fees because Plaintiff brought its claims in good faith and the law surrounding § 101 invalidity is uncertain. *Id.* at 3. Plaintiff argues that its good-faith assertion of the Asserted Patent stemmed from the Magistrate Judge's recommendation denying a § 101 challenge concerning the same patent in a related case, *My Health, Inc. v. Lifescan, Inc.*, No. 2:14-CV-683-RWS-RSP, 2015 WL 13469638, at *1 (E.D. Tex. Mar. 19, 2015). Plaintiff essentially

contends that a denial of a § 101 challenge to the patent renders other challenges to the patent preemptively unsuccessful. However, the instant case differs significantly from *LifeScan*. In *LifeScan*, the Magistrate Judge recommended that the motion to dismiss under § 101 be denied because the defendant's invalidity argument was implicitly premised on its conclusions about the meanings of certain claim terms. *Id.* at *2. The Magistrate Judge could not assume that the defendant's purported claim definitions were correct without having had a *Markman* hearing. *Id.* The Magistrate Judge's basis for denying the motion to dismiss in the *LifeScan* case cannot be read as a blanket endorsement of the patent-eligibility of the asserted claims of '985 patent. "The denial of a motion to dismiss is not a merits decision, but only a postponement of the merits decision." *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, No. 2016-2442, 2017 WL 6062460, at *5 (Fed. Cir. Dec. 8, 2017). In this case, the Magistrate Judge noted in his order, and the Court agrees, that "the previous denial of the motion to dismiss in the *LifeScan* case did not give My Health a reasonable basis to continue asserting the '985 patent." Docket No. 131 at 9.

The Court further agrees with the Magistrate Judge's finding that "[b]y the time My Health filed its 2016 lawsuits, guidance from the Federal Circuit regarding claims in this category had mounted to a level that would give any litigant a reasonably clear view of § 101's boundaries." *Id*. at 8. The Court finds unpersuasive Plaintiff's assertion that the law surrounding § 101 analysis is so "far from settled" that a fees award would not be justified in this case. *See* Docket No. 167 at 3.

Additionally, Plaintiff's complaint that it was improper of the Magistrate Judge to compare the Asserted Patent to similar patents to conclude that "[s]uch claims have universally been found to be unpatentable under *Alice,*" is inconsistent with the analysis for finding exceptionality—an exceptional case is "simply one that stands out from others with respect to the substantive strength

of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Indeed, a § 285 analysis invites comparison of this case (and the Asserted Patent) to other similar cases.[1] The Court agrees with the Magistrate Judge's finding that the '985 patent was exceptionally weak in comparison to similar patents and the mine-run of cases before this Court and **OVERRULES** Plaintiff's objection on this basis.

Next, Plaintiff objects to the Magistrate Judge's finding that this suit was brought for the purpose of extracting nuisance settlement values. Docket No. 167 at 4. Plaintiff's contends that it is not a volume litigant because it litigated on average 5 to 6 cases per year, the decision to enforce the Asserted Patent was based on "scouring publicly available documents," the offers to settle in other litigations varied significantly, and Plaintiff's willingness to litigate was supported by its extensive claim construction briefing. *Id.*

As the Magistrate Judge noted, it is the number of actions—31 lawsuits, 11 declaratory judgment actions, and 5 IPRs—*combined with* nuisance-value settlements right before a merits determination in each case that support a finding of exceptionality. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017) ("[T]he undisputed evidence regarding [the appellee's] vexatious litigation warrants an affirmative exceptional case finding here."); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

---

[1] Plaintiff also argues that the Magistrate Judge erred in rejecting Plaintiff's analysis under *Alice*, 134 S. Ct. 2347 in the § 101 decision. Docket No. 167 at 3. The Court construes this argument as an objection to the § 101 decision. This objection is **OVERRULED** as untimely pursuant to Federal Rule of Civil Procedure 72.

The Court agrees with the Magistrate Judge that the totality of the circumstances surrounding the nuisance settlements warrants a finding of exceptionality in this case and, therefore, **OVERRULES** Plaintiff's objection on this basis.

Lastly, Plaintiff argues that the award of $371,862.95 in fees is unjustified because the work performed in this case could easily and more reasonably have been performed by lower-cost attorneys. Docket No. 167 at 5. Plaintiff also claims that Defendants' counsel charged duplicative fees for work copied-and-pasted from other IPR petitions. *Id*.

These arguments were never raised in Plaintiff's original briefing for consideration by the Magistrate Judge and, therefore, may not now be considered for the first time in the form of an objection. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001). Plaintiff did not dispute the amount of the fees award sought by Defendants in its original response to Defendants' motion. *See* Docket No. 90. Even in its sur-reply, Plaintiff made only a conclusory argument that Defendants' redacted invoices, even with affidavits, did not support their request for fees. Docket No. 99. As an example, Plaintiff pointed out that $58,855.50 had been billed by Defendants for work relating to an IPR petition, an argument the Magistrate Judge considered and rejected in his order. *See* Docket No. 131 at 12. Indeed, it is clear that Plaintiff is now raising arguments relating to the reasonableness of the fees on objection because the Magistrate Judge pointed out that Plaintiff failed to "dispute that counsel for the defendants charged reasonable hourly rates." *Id*. The Magistrate Judge's observation was not an invitation to raise a new argument in an objection.

Additionally, as to duplication of fees for work relating to the IPR petition, Plaintiff does not (at least explicitly) re-urge the argument that the work is unrelated to its infringement claims,

but instead argues that the fees are simply duplicative. *Id.* Plaintiff points to several documents from its litigation with two other defendants in its litigation campaign. *Id.* This argument is not persuasive given that, as the Magistrate Judge noted in his order, the invoices show that the same time was not counted for each defendant but divided among the defendants. *See* Docket Nos. 97-1–97-4. The Court finds the award of fees in the amount of $371,862.95 to be reasonable and supported by the record and, accordingly, **OVERRULES** Plaintiff's objection on this basis.

In view of the totality of the circumstances, the Court is of the opinion that the Magistrate Judge's findings and conclusion that this case is exceptional are correct and, therefore, Plaintiff's objections (Docket No. 167) are **OVERRULED** in their entirety.

### B. Plaintiff's Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b) provides that upon motion and just terms, a court may relieve a party from a final judgment, order, or proceeding for several reasons: (1) mistake, (2) newly discovered evidence, (3) fraud, (4) misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment based on a prior judgment that has since been reversed or vacated, and (6) any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)–(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Relief from the Magistrate Judge's fees order is not available to Plaintiff under Rule 60(b). Plaintiff's Rule 60(b) motion asks the Court to maintain its exceptionality finding. Docket No. 168 at 7 ("My Health respectfully requests that the order be altered in the least intrusive ways possible to maintain the finding of exceptionality, while denying any awards of fees."). This motion contradicts Plaintiff's concurrent request in its objections to find that the case was not

exceptional, discussed *infra*. The Court construes such contradiction as an argument in the alternative, and one that cannot be reached because of procedural defect by the Plaintiff.

The relief available under Rule 60(b) arises from a *final judgment* issued by the district court. "A Magistrate Judge's order issued under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) only becomes final once the district court makes it final." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000); *see also Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) ("[P]retrial matters referred by a trial judge to a magistrate must be appealed first to the district court."). If the fees order was entered under 28 U.S.C. § 636(b)(1)(A), Plaintiff was required to appeal to the district court to obtain final judgment from which it could seek relief. *See* Fed. R. Civ. P. 72(a). If the fees order was dispositive and thus entered under 28 U.S.C. § 636(b)(1)(B), Plaintiff would have had to first timely file an objection, then obtain a *de novo* review from this Court and then, upon a final order adopting by the Court, Plaintiff may have sought reconsideration under Rule 60(b). Under either prong of Rule 72, no final judgment has been issued to give rise to a motion under Rule 60(b). Therefore, Plaintiff's Rule 60(b) motion is improper and is **DENIED** on this basis.

## CONCLUSION

For the reasons explained above, the Court finds, upon *de novo* review under Rule 72(b), that the findings of fact and conclusions of law contained in the Magistrate Judge's order on fees are well-reasoned and correct. Accordingly, Plaintiff's objections (Docket No. 167) are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's § 285 order (Docket No. 131) in its entirety. Plaintiff's motion for relief under Rule 60(b) is **DENIED** because the Magistrate Judge's § 285 order was not a final disposition adopted by this Court, nor did Plaintiff properly appeal the order to this Court. *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004).

Plaintiff is thus **ORDERED** to pay the defendants' attorneys' fees, through Defendants' counsel, within **thirty (30) days** from the date of this order in the amounts specified in the Magistrate Judge's order (Docket No. 131).

**So ORDERED and SIGNED this 29th day of November, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE