## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **MY HEALTH, INC.**<br><br>v.<br><br>**ALR TECHNOLOGIES, INC.** | **CASE NO. 2:16-cv-00535 (LEAD)** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
THE PIA FIRM'S MOTION TO WITHDRAW AS MY HEALTH'S COUNSEL**

The Pia Firm would have the Court forget the Pia Firm's numerous prior transgressions in this case and simply take its word that it needs to withdraw – on the heels of Judge Schroeder's Order (Dkt. No. 175) – because it supposedly has not been paid.[1] The Pia Firm's Reply (Dkt. No. 180), like its Motion (Dkt. No. 178), relies exclusively on unsubstantiated attorney argument and questionable statements about why it needs to withdraw. Not a single argument or allegation by the Pia Firm is supported by any evidence, whether via document, declaration, or otherwise. The Pia Firm's complaint that Defendants' Opposition (Dkt. No. 179) is conjecture only highlights that the Pia Firm – the holder of the facts to assess the veracity of the Pia Firm's reasons for withdrawing – has come forward with no support.

Moreover, it would be unjust to Defendants for the Pia Firm, which is responsible for adjudged litigation misconduct in this case, to eject itself from this case – where it represents an empty shell – in hope to absolve itself from any consequences of its conduct and stymie Defendants' ability to seek recourse. That is what the Pia Firm's goal here appears to be.

## I.   THE PIA FIRM PROVIDES NO SUPPORT FOR ITS SOUGHT WITHDRAWAL

The Pia Firm does not and cannot dispute that "[t]he record must generally reflect an appropriate basis for granting leave; ***unsubstantiated claims are insufficient***." *U.S. Enercorp, Ltd. v. SDC Montana Bakken Exploration, LLC, et al.*, No. SA:12–CV–01231–DAE, 2013 WL 1966882, at *1 (W.D. Tex. May 10, 2013) (emphasis added) (citing *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987)).

Moreover, the Texas Disciplinary Rules of Professional Conduct do not warrant withdrawal as the Pia Firm would like. Assuming *arguendo* that My Health has actually failed to pay the Pia Firm (an ***unspecified*** dollar amount, over an ***unspecified*** period of time, and under an

---

[1] Curiously, the Pia Firm never made such a claim before Judge Schroeder's Order.

*unspecified* fees arrangement)[2], the Pia Firm has not provided any evidence that it actually complied with TDRPC Rule 1.15(b)(5) and gave My Health "reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." The Pia Firm provided no correspondence or other evidence showing such. Rather, it seems that the Pia Firm never attempted to confer with My Health as required before bringing its Motion as the Pia Firm can only go as far as to say that "My Health has been notified in writing of its right to object to the motion." Dkt. No. 178, at 1. Where is that correspondence? The suspect nature of the Pia Firm's various representations as to its sought withdrawal suggests that *it is plausible that the Pia Firm has been intimately involved in the control of My Health* (and the risk of that disclosure is why the Pia Firm cannot come forward with actual evidence for its withdrawal). Suffice it to say that the Pia Firm has not even complied with the TDRPC rule it now cites in its Reply.[3]

Regardless, courts have routinely denied motions to withdraw under Rule 1.15(b)(5) even where there were evidentiary showings, which there are none in the Pia Firm's Motion. *See, e.g., Smartfit Sols., LLC v. Pacemaster, LLC*, No. 6:11-CV-487, 2013 WL 12155760, at *1 (E.D. Tex. Apr. 17, 2013) ("Counsel asserts Mr. Berger indicated in an email response that Body Works had closed their doors for business and had no money or assets to pay the outstanding legal fees. Relying on the terms of the engagement agreement with Body Works and Rules 1.15(b)(5) and (6) of the Rules of Professional Conduct, Counsel seeks to withdraw as counsel of record for

---

[2] These necessary details are notably absent in the Pia Firm's Motion and Reply. And the Pia Firm's basis now to withdraw is in sharp contrast to its earlier representation that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees." Dkt. No. 89, at 7.

[3] Further, the Pia Firm must provide the Court with an even more compelling reason to permit withdrawal because it cannot confirm that My Health consents to the sought withdrawal. *See Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir. 1995) ("The attorney seeking to withdraw must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection.").

Body Works based on its failure to pay. While the Court understands Counsel's dilemma, in agreeing to represent their client, counsel is expected to continue representation through completion of the case."); *Am. Res. Techs., Inc. v. Oden*, No. 3:13-CV-04419-B, 2014 WL 6884243, at *3 (N.D. Tex. Dec. 8, 2014) ("[I]t is not clear that the unpaid fees asserted by Movants even relate to Plaintiffs' obligation under their representation agreement for this case[.]"); *Globeranger Corp. v. Software AG, Software AG USA, Inc.*, No. 3:11-CV-0403-B, 2014 WL 11456069, at *2 (N.D. Tex. July 11, 2014) ("Movants have merely stated that Naniq is insolvent and unable to financially maintain its defense, but they have not represented that Naniq has actually failed to pay for any of their services, much less that Naniq has 'fail[ed] to substantially fulfill an obligation' to them. [] Likewise, Movants have not shown that this is a situation where the client has 'refuse[d] to pay for services.'") (citations omitted); *Harrison v. Harrison*, 367 S.W.3d 822, 829 (Tex. App. 2012) ("[T]his record raises significant questions about whether Connie substantially failed to fulfill her obligation to pay Nass.") (emphasis omitted); *Rapp v. Mandell & Wright P.C.*, 127 S.W.3d 888, 898 (Tex. App. 2004) (no "just cause" to withdraw where attorney concluded that the contingency case had "no value" after unfavorable trial-court judgment).

## II.   THE PIA FIRM RAISES NUMEROUS TROUBLINGLY UNADDRESSED QUESTIONS

The Pia Firm's request to withdraw, presumably in hope to avoid potential liability for its misconduct, raises various questions that further mire the Pia Firm in this case. For example:

- What is the nature of the supposed unpaid attorneys' fees as well as My Health and the Pia Firm's fees arrangement?[4];

---

[4] The Pia Firm is known to represent non-practicing, empty shell entities like My Health on contingency. *See SyncPoint Imaging, LLC v. Nintendo of America Inc., et al.*, No. 2:15-cv-00247-JRG-RSP, Dkt. No. 297, at 26 (E.D. Tex. Feb. 26, 2018). The Pia Firm should be called to disclose its fee arrangement with My Health so the Court can assess the veracity of the Pia Firm's claim that "My Health has failed to substantially fulfill an obligation to the Firm" (Dkt.

- How does the Pia Firm reconcile its new position that "it appears that My Health will be unable to pay its attorneys' fees in the future" (Dkt. No. 178, at 1) with its earlier position that "there is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (Dkt. No. 89, at 7)?;

- Why is the Pia Firm only now seeking to withdraw despite being for years directly involved in My Health's litigation-induced settlements and related activities?[5];

- Given that the Pia Firm did not seek to withdraw in the almost one year period between Judge Payne's Order (Dkt. No. 131) and Judge Schroeder's Order (Dkt. No. 175), that would suggest that the Pia Firm was being paid then based on its claim now that it will not be paid. If so, why did My Health never offer to pay any portion of the fees award in Judge Payne's Order?;

- Why is Solid Counsel, which previously filed a paper in this case for My Health's alter ego Dr. Michael Eiffert (Dkt. No. 138), mysteriously silent in the briefing on the Pia Firm's Motion? Who is paying Solid Counsel?; and

- The Pia Firm only states, without any explanation, that Defendants "incorrectly assume" the role of Mr. Adam Hoyt with My Health. Dkt. No. 180, at 3 n.2. But the following excerpt from Dkt. No. 141, Exh. B to Exh. 1 to Dkt. No. 140 clearly lists "A. HOYT" as a My Health business credit card holder. What do Defendants "incorrectly assume"? Why does the Pia Firm not explain the relationship?:

| Business Accounts | | | |
|---|---|---|---|
| **Business Card Summary for MY HEALTH INC** | | | UNITED |
| All Accounts | | | |
| Current balance | | $▇ | See activity |
| Payment due date | | 03/23/2018 | See statements |
| Minimum payment due | | $0.00 | Pay credit card |
| Balance last statement | | $▇ | |
| Available credit | | $▇ | Transfer balances |
| Total credit limit | | $▇ | |
| United MileagePlus® | | | See Rewards details |
| Card Details | | | |
| M. EIFFERT (..▇) | | See activity | See expense reports |
| A. HOYT (..▇) | | See activity | See expense reports |

---

No. 180, at 4). *See Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (denying motion to withdraw even when unpaid fees were substantiated with exhibits and affidavits and noting that "[a]s a general rule, [] fee arrangements are not protected as privileged") (citation omitted).

[5] The Pia Firm's Motion came less than two weeks before the Court's December 31, 2018 deadline to pay the ordered fees. Dkt. No. 175, at 9-10. This deadline has passed without any word from My Health or the Pia Firm – no correspondence to Defendants, no full or partial payment, no notice of appeal, and no motion for reconsideration or to stay the deadline.

4

These are only some of the glaring unanswered issues raised by the Pia Firm's Motion and Reply. And it is telling that the Pia Firm would not address such fairly straightforward questions that a Court would ask when faced with an opposed motion to withdraw in this circumstance – not to mention the jaundiced eye Defendants believe should be applied in view of the Pia Firm's history of litigation misconduct in this case and the timing of its motion.

### III. THE PIA FIRM MADE NO REASONABLE "ATTEMPTS TO MEET AND CONFER"

The Pia Firm sent two e-mails only after Defendants filed their opposition to the "unopposed" first motion that the Pia Firm now claims was "filed in error." *Id.*[6] The first e-mail was from an attorney not of record in this case, and the second e-mail was from Mr. Joseph Pia at the close of business and sought availability to confer on one of the following business days. *See* Dkt. No. 179, Exh. A. It does not appear that Mr. Pia in good faith intended to confer as he filed his motion only a few hours after his e-mail. These are hardly legitimate "attempts" to confer, especially after Defendants called out the Pia Firm for filing its first motion as "unopposed" even though there was no prior attempt whatsoever to confer with Defendants.

### IV. CONCLUSION

Accordingly, in view of the above, and for the reasons set forth in Defendants' Opposition (Dkt. No. 179), the Pia Firm's Motion to withdraw should be denied. The Pia Firm's conduct in bringing its motion should also be called into account – including by ordering Mr. Pia to come before the Court and answer pertinent questions – and warrants awarding Defendants their fees and costs incurred in having to deal with the motion.

---

[6] This is not the Pia Firm's first "filed in error" excuse in this case. It previously filed a dismissal motion with the Federal Circuit stating that the Pia Firm "conferred with counsel for appellees and has been informed that this motion is unopposed" and that each side had agreed to bear its own costs. Dkt. No. 131, at 6. Those statements were untrue. *Id.*

Dated: January 2, 2019

Respectfully submitted,

By: /s/ *Wasif H. Qureshi*

Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000

**COUNSEL FOR DEFENDANTS ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., AND MCKESSON TECHNOLOGIES INC.**

"J" Jackson Shrum
jshrum@austriashrum.com
**AUSTRIA SHRUM LLP**
One Commerce Center
1201 North Orange Street, Suite 502
Wilmington, DE 19801
Ph: 302-543-7551
Fax: 302-543-6386
Direct: 609-367-2430

**COUNSEL FOR DEFENDANT MYNETDIARY, INC.**

### CERTIFICATE OF SERVICE

    The undersigned certifies that on January 2, 2019 the foregoing document was served on all counsel of record via the Court's electronic filing system.

/s/ *Wasif H. Qureshi*
Wasif H. Qureshi