IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MY HEALTH, INC.**<br><br>v.<br><br>**ALR TECHNOLOGIES, INC.** | CASE NO. 2:16-cv-00535 (LEAD) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE
WHY MY HEALTH SHOULD NOT BE HELD IN CONTEMPT OF COURT**

My Health has again flouted this Court's orders and rules – this time by being in clear violation of the Court's Order at Dkt. No. 175 ("Order"), which further confirmed this case as exceptional and ordered that My Health pay the awarded fees by December 31, 2018. Neither My Health – nor its actual actors: sole corporate officer Michael Eiffert and outside counsel the Pia Firm – made *any* attempt whatsoever to communicate with Defendants in regard to the Order, let alone pay any or all of the awarded fees. My Health has also not attempted to appeal or otherwise stay the Order in the now more than 45 days since that order. Instead, the Pia Firm has sought to withdraw itself as counsel for My Health, without consent of My Health or Defendants, in apparent hope to absolve itself of liability despite its repeated misconduct resulting in the awarded fees. *See generally* Dkt. No. 179. And Dr. Eiffert is now taking the position that he has no involvement or control in My Health. Dkt. No. 182 (Defendants' Motion For Joinder of the Pia Firm and Michael Eiffert) at 10. These latest actions further evince the Pia Firm and Dr. Eiffert's contempt of the Court's Order.

Further, in addition to the current amount awarded to Defendants being a fraction of the amount My Health previously demanded from Defendants to settle this case, My Health also previously represented to the Court (when it sought to stay Defendants' § 285 motion) that "there

is no . . . basis to allege that My Health will be unable to pay an award of reasonable attorneys' fees" (Dkt. No. 89 at 7). *See also* Dkt. No. 175 at 2 (Court recognizing My Health's previous representation attesting to its ability to pay the sought fees).

Accordingly, and for the reasons set forth below, Defendants request that the Court order My Health to show cause why it should not be held in contempt.[1]

Defendants additionally note that they have concurrently filed a motion to join My Health sole corporate officer Michael Eiffert and outside counsel the Pia Firm as third parties, at least for purposes of being jointly and severally liable for payment of Defendants' attorneys' fees. *See* Dkt. No. 182.

## I.  BRIEF BACKGROUND

On December 20, 2017, the Court found this case exceptional and awarded Defendants their attorneys' fees. *See* Dkt. No. 131. My Health made no attempt to pay any portion of the awarded fees and instead appealed to the Federal Circuit without payment of any bond or request to stay the Court's directive to pay Defendants' attorneys' fees. On appeal, the Federal Circuit ordered My Health to show cause why its appeal should not be dismissed for failure to object to Judge Payne's decision. Dkt. No. 158. After briefing, the Federal Circuit found Judge Payne's decision to be non-final and dismissed My Health's appeal for lack of jurisdiction. Dkt. No. 162. My Health then – and only after Defendants' notice of My Health's failure filed at Dkt. No. 164 – belatedly filed objections to Judge Payne's decision and at the same time sought to modify that decision under Rule 60(b) as a "final [] order" even though the Federal Circuit specifically had ruled that the decision was not final. Dkt. Nos. 167, 168. On November 30, 2018, Judge Schroeder overruled My Health's objections, rejected My Health's attempt to modify Judge

---

[1] Defendants welcome a hearing on this and any other pending motions in this case. However, Defendants note that its undersigned counsel is not available January 28-31, 2019 due to travel and court commitments in another case.

Payne's decision, and finally awarded Defendants the fees specified in Judge Payne's then nearly one-year old decision. Dkt. No. 175.

My Health was required to pay the awarded fees within 30 days. *Id*. at 10. To date, well past the December 31, 2018 deadline for compliance, My Health has made no effort to pay any or all of the awarded amount. Nor has My Health appealed Judge Schroeder's Order.

**II.    MY HEALTH IS IN CONTEMPT**

"It is elementary that the court against which a contempt is committed has exclusive jurisdiction to punish for such contempt." *Texas Capital Bank v. Dallas Rodester, Ltd.*, 2015 WL 12910774, *1 (June 5, 2015 E.D. Tex.) (quoting *United States v. Barnett*, 330 F.3d 369, 385 (5th Cir. 1963)).

In seeking an order of civil contempt, the movant must establish the following by clear and convincing evidence: (1) issuance of a court order, (2) requiring specific conduct of the respondent, and (3) the respondent's failure to comply with the order. *Petroleos Mexicanos v. Crawford Enterprise*, Inc., 826 F.2d 392, 401 (5th Cir. 1987) (citations omitted). When a party, with knowledge of the order, violates an order, which requires the performance of a specific act, he commits contempt. *Whitfield v. Pennington,* 832 F.2d 909, 913 (5th Cir. 1987), *cert. denied,* 487 U.S. 1205 (1988); *see also S.E.C. v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 669 (5th Cir. 1981). Intent or willfulness is irrelevant; the only issue is compliance with the order. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949); *Whitfield*, 832 F.2d at 913; *Jim Walter Resources, Inc. v. Int'l Union, United Mine Workers,* 609 F.2d 165, 168 (5th Cir. 1980).

Here, it is indisputable that the Court issued its Order at Dkt. No. 175 on November 30, 2018 ordering that My Health pay Defendants' their attorneys' fees in the total amount of $371,862.95 by December 31, 2018 (30 days from the order), and that My Health did not make any payment to Defendants by the deadline. Thus, My Health is in violation of the Court's

Order.

### III.   CONCLUSION

Accordingly, in view of the above, Defendants request that the Court:

(i)   issue an order to show cause why My Health should not be held in contempt of court; and

(ii)  order additional payment of Defendants' attorneys' fees and costs incurred since Defendant's initial calculation of fees (at Dkt. No. 81) (which accounting of fees and costs Defendants will provide).

Dated: January 17, 2019                    Respectfully submitted,

By: /s/ *Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

**COUNSEL FOR DEFENDANTS ALR TECHNOLOGIES, INC., INTOUCH TECHNOLOGIES, INC., MYNETDIARY, INC., AND MCKESSON TECHNOLOGIES INC.**

"J" Jackson Shrum
AUSTRIA SHRUM, LLC
One Commerce Center
1201 North Orange Street, Suite 502
Wilmington, DE 19801
Ph: 302-543-7551
Fax: 302-543-6386
Direct: 609-367-2430
E-mail: jshrum@austriashrum.com

**COUNSEL FOR DEFENDANT MYNETDIARY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2019 the foregoing document was served on all counsel of record via the Court's electronic filing system.

/s/ *Wasif Qureshi*
Wasif Qureshi

## CERTIFICATE OF CONFERENCE

On January 11, 2018, I spoke by phone with Joseph Pia of Pia Anderson Moss Hoyt, LLC, lead counsel for My Health. I informed Mr. Pia of the sought relief in the foregoing motion and the basis for same. Mr. Pia responded that he opposes the motion.

/s/ *Wasif H. Qureshi*
Wasif H. Qureshi