# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MY HEALTH, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:16-CV-535-RWS-RSP |
| | § | (LEAD CASE) |
| v. | § | |
| | § | |
| ALR TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendants' objections (Docket No. 238) to the Memorandum Opinion and Order of Magistrate Judge Payne (Docket No. 236). The Magistrate Judge denied Defendants' motion to join the counsel and the sole officer of Plaintiff My Health, Inc. in this action in order to collect the attorneys' fees awarded against My Health under 35 U.S.C. § 285.

## I.  BACKGROUND

On May 19, 2016, Plaintiff My Health, Inc. ("My Health") filed this action against Defendant ALR Technologies, Inc. ("ALR") and alleged that ALR infringed My Health's U.S. Patent No. 6,612, 985 (the " '985 Patent"). Docket No. 1.[1] My Health filed similar infringement actions against InTouch Technologies, Inc. ("InTouch"), DeVilbiss Healthcare, LLC ("DeVilbiss"), MyNetDiary, Inc. ("MyNetDiary"), Aspire Home Healthcare ("Aspire") and McKesson Technologies, Inc. ("McKesson"), with each case alleging infringement of the '985 Patent. These cases were referred to Magistrate Judge Payne pursuant to 28 U.S.C. § 636 and later consolidated. Docket No. 20.

---

[1] Unless specifically indicated otherwise, "Docket. No." refers to the docket in lead case No. 2:16-cv-00535.

A. *Defendants' Motions to Dismiss Under 35 U.S.C. § 101*

Shortly after these actions were consolidated, all defendants filed motions to dismiss pursuant to 35 U.S.C. § 101. Docket Nos. 12 (ALR), 25 (McKesson); Case No. 2:16-cv-00536, Docket No. 13 (InTouch); Case No. 2:16-cv-00544, Docket No. 15 (DeVilbiss); Case No. 2:16-cv-00866, Docket No. 12 (MyNetDiary). Magistrate Judge Payne recommended dismissal. Docket Nos. 66 and 69. This Court adopted that recommendation, declared the patent-in-suit invalid for failure to claim patent-eligible subject matter and dismissed My Health's complaints with prejudice. Docket No. 78. Thereafter, ALR, InTouch, McKesson and MyNetDiary's sought attorneys' fees under 35 U.S.C. § 285. Docket No. 81. DeVilbiss later joined the motion. Docket Nos. 82 and 98.

B. *Defendants' Entitlement to Attorneys' Fees Under 35 U.S.C. § 285*

My Health requested to stay Defendants' § 285 motion, Docket No. 89, while My Health appealed the Court's § 101 order, Docket No. 85. Magistrate Judge Payne denied the request to stay, Docket No. 98, and declared the case exceptional under § 285. Docket No. 131. Magistrate Judge Payne ordered My Health to pay Defendants' attorneys' fees within 60 days of the § 285 Order, which was entered on December 19, 2017. *Id.* at 13.

My Health unsuccessfully appealed the § 285 Order. Docket Nos. 134, 162. My Health then objected to the § 285 Order. Docket Nos. 167, 168 and 175. This Court overruled My Health's objection, adopted the § 285 Order and ordered My Health to pay Defendants' attorneys' fees within 30 days of that Order, which was entered on November 30, 2018. *Id.*

C. *My Health Has Not Paid Defendants' Attorneys' Fees*

It has been almost two years since My Health was first ordered to pay Defendants' attorneys' fees under § 285. Although My Health once represented to the Court that there "is no allegation or basis to allege that My Health will be unable to pay an award of reasonable attorneys'

fees" when My Health's § 101 appeal concluded, *see* Docket No. 89 at 7, My Health now acknowledges that "as a practical matter, My Health simply is incapable of paying the fees award." Docket No. 168 at 7. My Health is now apparently insolvent. *See* Docket No. 194-1 ¶¶ 33–34.

    D.    *Defendants' Motions to Join Plaintiff's Counsel and Sole Officer*

My Health's counsel, Pia Anderson Moss Hoyt LLC ("Pia Anderson"), moved to withdraw as counsel for My Health on the basis that My Health has failed to pay its attorneys' fees to Pia Anderson. Docket No. 178. Defendants opposed the withdrawal, Docket No. 179, and moved to join Pia Anderson and My Health's sole officer, Dr. Michael Eiffert, in this action on the basis that both are responsible for the conduct underlying the Court's § 285 Order. Docket No. 182. In their motion for joinder, Defendants also sought sanctions against lead counsel at Pia Anderson. *Id.* at 8.[2] Magistrate Judge Payne ordered Defendants to supplement their joinder motion by filing a motion with an attached proposed supplemental pleading so that the Court could evaluate the factual allegations underlying the request. Docket No. 218. Defendants filed their motion to supplement the joinder motion indicating: "Pursuant to the Court's Order (Docket No. 218), Defendants move to supplement Defendants' Motion for Joinder of the Pia Firm and Michael Eiffert (Docket No. 182) with the attached supplemental pleading and exhibits thereto." Docket No. 230. Defendants also moved for an order to show cause as to why My Health should not be held in contempt for failing to pay their attorneys' fees. Docket No. 183.

    E.    *The Magistrate Judge's Memorandum Opinion and Order*

Magistrate Judge Payne denied Defendants' joinder motion (including the request for sanctions) and motion to supplement the joinder motion with a supplemental pleading as improper, denied Defendants' motion to show cause and denied Pia Anderson's motion to withdraw as

---

[2] Defendants later stated in their reply brief that they sought sanctions against Pia Anderson, not just lead counsel. Docket No. 207.

counsel without prejudice to re-filing once My Health secured additional counsel. Docket No. 236. Defendants objected only to Magistrate Judge Payne's denial of their joinder motion and sanctions request. Docket No. 238.

## II. ANALYSIS

### A. *Defendants' Joinder Motion*

In their joinder motion, Defendants argued that Pia Anderson and Dr. Eiffert should be joined as third parties to this case "for purposes of being jointly and severally liable for payment of Defendants' attorneys' fees." Docket No. 182 at 2. Defendants argued that Pia Anderson and Dr. Eiffert should be joined because My Health was merely an "empty shell" that was created as a vehicle by which to perpetrate the conduct that made this case exceptional. *Id.* at 1, 6–7. Defendants moved for an order directing My Health to submit additional payment of Defendants' attorneys' fees and costs incurred since the § 285 Order was issued, to permit post-judgment discovery to further explore Pia Anderson and Dr. Eiffert's misconduct and to impose sanctions on lead counsel for Pia Anderson. *Id.* at 4, 8.

Magistrate Judge Payne denied Defendants' joinder request procedurally and on the merits. Docket No. 236. In terms of procedure, the Magistrate Judge found that Defendants: (1) did not properly analyze the propriety of adding Pia Anderson or Dr. Eiffert under Federal Rule of Civil Procedure 19 and did not address the propriety of holding Pia Anderson and Dr. Eiffert liable for Defendants' attorneys' fees when they had not been parties to the § 285 proceedings and (2) made arguments that should be considered waived. *Id.* at 4. In terms of the merits, Magistrate Judge Payne found that Defendants provided no legal basis for a fee award against My Health's counsel, Pia Anderson, under § 285. *See id.* at 5 (citing *Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 F. App'x 219, 222 (Fed. Cir. 2003) ("Counsel for Phonometrics is not liable for fees awarded under §285; it can only be liable for excess fees awarded under § 1927.")). Magistrate Judge Payne also

found that Defendants did not show that Dr. Eiffert abused My Health's corporate structure in a manner that would justify piercing the corporate veil under Texas law. *Id.* at 5–7.

In their objection, Defendants simply "disagree" with Magistrate Judge Payne's procedural and merits assessment without showing that his analysis is contrary to law. Docket No. 238 at 2 ("Defendants disagree that they have not 'engage[d] in the necessary analysis' as the Order suggests."). Indeed, Defendants simply re-assert that no one else but Pia Anderson and Dr. Eiffert acted wrongly—Defendants believe that such an assertion suffices to justify joinder under Rule 19.

Defendants' objection to the Magistrate Judge's findings regarding Pia Anderson are unpersuasive. Defendants contend that he should not have relied on *Phonometrics* because it is non-precedential and came before the Supreme Court's "directive" in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Docket No. 238 at 4. Defendants argue that *Octane Fitness* "demands a different result," given that the Court directed lower courts to "read § 285 without adding additional requirements to its application." *Id.*

The Court disagrees with Defendants. In *Octane Fitness*, the Supreme Court stated that the "analysis begins and ends with the text of § 285 . . . . This text is patently clear. It imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." 572 U.S. at 553. A § 285 analysis begins and ends with the text of the statute: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." As expressed in *Phonometrics*, such awards are generally against the losing party. As shown in *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826 (E.D. Tex. 2017), the statute does not prevent awards against non-parties in appropriate cases, but this case is nothing like *Iris Connex*. In that case, the court had evidence that the principals and

attorneys for Iris Connex had engaged in a pattern of, among other things, setting up layers of intentionally under-funded shell companies, filing hundreds of frivolous patent infringement cases and settling them early for less than the costs of defense.

Defendants failed to set forth adequate allegations showing that Pia Anderson played a role any different from any other counsel in a losing case. In its proposed Complaint against Pia Anderson and Dr. Eiffert, Defendants allege that Pia Anderson "stood to financially benefit from this case, and substantially participated in this case and is responsible for various instances of litigation misconduct which this Court found sufficiently egregious to warrant the awarded fees . . . ." Docket No. 230-1 ¶ 22. Defendants simply attach their joinder motion as an exhibit to the Complaint, and point to a list in the joinder motion showing instances of "alleged" misconduct, but none of these instances of alleged malfeasance indicate that Pia Anderson or My Health was involved in anything remotely like Iris Connex was found to have done. The only evidence Defendants rely on is insufficient. As Magistrate Judge Payne stated, and this Court agrees:

> Defendants simply point to a business credit card statement (Docket No. 141-3) to argue that a partner at [Pia Anderson]—"A. Hoyt"—had joint access to My Health's business account, and thus My Health, [Pia Anderson], and Dr. Eiffert were essentially acting as one entity. However, both Dr. Eiffert and [Pia Anderson], counter that "A. Hoyt" is a part-time independent contractor for My Health not associated with PAMH. These declarations are unrefuted by Defendants . . . .

Docket No. 236 at 7 (citations omitted). Magistrate Judge Payne's ruling as to Pia Anderson is not clearly erroneous or contrary to law. Accordingly, Defendants' objections are **OVERRULED** on this ground.

Defendants' objection to the findings regarding Dr. Eiffert is equally unpersuasive. In their objection, Defendants assert that other "[c]ourts have found corporate officers, board members, executives, and dominant shareholders—all positions held by Dr. Eiffert as to My Health—to be personally liable without the need to pierce the corporate shield." Docket No. 238 at 5 (citing

Docket No. 206 at 6 (citing, among other cases, *Iris Connex*, 235 F. Supp. 3d at 858; *Ohio Cellular Products Corp. v. Adams USA, Inc.*, 175 F.3d 1343 (Fed. Cir. 1999))).

In *Ohio Cellular*, the Federal Circuit upheld a § 285 award against the sole shareholder of a plaintiff corporation. In that case, the defendants sought § 285 fees on the dual grounds that the plaintiff corporation engaged in inequitable conduct before the U.S. Patent and Trademark Office (the "PTO") and that the plaintiff corporation engaged in unjustified and/or vexatious litigation. The defendants sought leave, after the entry of judgment, to amend their pleading to add the sole shareholder of the plaintiff corporation—who was also the president and inventor of the patent-in-suit—in his individual capacity as a third-party defendant. 175 F.3d at 1346. The district court determined that the shareholder, "as an officer acting in that capacity on behalf of a corporation, [could] be held liable for inequitable activities that led to the award of attorney fees against that corporation under [] § 285," and allowed the defendants to amend their complaint. *Ohio Cellular Prod. Corp. v. Adams USA Inc.*, No. 3:94 CV 7251, 2000 WL 33743107, at *6 (N.D. Ohio Nov. 9, 2000).

The district court found that the shareholder had intentionally failed to disclose to the PTO the existence of a material piece of prior art. *Id.* at *1. As a result, the court awarded § 285 fees on the ground that the plaintiff corporation had engaged in inequitable conduct before the PTO. *Id.* The Federal Circuit affirmed the district court's decision. 175 F.3d at 1352.

The Supreme Court ultimately reversed, but only on due process grounds, given that the district court amended the judgment and allowed the amendment of the pleadings in order to impose liability on the shareholder, without further proceedings. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000). The Supreme Court made clear that its decision held that the shareholder

had the "right to contest on the merits his personal liability for fees originally sought and awarded solely against the original plaintiff." *Nelson*, 529 U.S. at 472.

Several other courts recognize that a corporate office can be liable for § 285 fees when the officer is personally responsible for the exceptional acts. *See Mach. Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 475 (Fed. Cir. 1985) (opining that the Court may assess fees under § 285 against the agent of a disclosed principal, even if he is a non-party to the patent claims, when that agent is responsible for the predicate acts rendering the case exceptional); *Gust, Inc. v. AlphaCap Ventures, LLC*, 226 F. Supp. 3d 232, 246–47 (S.D.N.Y. 2016), *rev'd on other grounds*, 905 F.3d 1321 (Fed. Cir. 2018) (recognizing that a corporate officer can be personally liable under § 285, but finding there was insufficient evidence to find the principal as the alter ego of the corporation under California law); *Applied Materials, Inc. v. Multimetrixs, LLC*, No. C 06-07372 MHP, 2009 WL 1457979, at *5 (N.D. Cal. May 26, 2009) (recognizing that due process requires that principals be named as parties and given the opportunity to respond and be heard about being subjected to a judgment of personal liability); *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 151 F. Supp. 2d 1192, 1208 (C.D. Cal. 2001), *vacated and remanded on other grounds*, 351 F.3d 1139 (Fed. Cir. 2003) (recognizing that § 285 liability can be established, *inter alia*, once the president is named as a party to the action ).

Based on this jurisprudence, a minimum requirement in cases imposing personal liability under § 285 is that the corporate officer personally engaged in the behavior for which a court found a case exceptional. *See Mach. Corp. of Am.*, 774 F.2d at 475; *see also Iris Connex*, 235 F. Supp. 3d 826 (finding that the owner of corporate entity was the "driving force" behind a shell entity who conceived and carried out every step leading to meritless lawsuits, among other egregious acts); *Gust*, 226 F. Supp. 3d at 246–47 (finding there was insufficient evidence to find the principal

to be the alter ego of the corporation where no allegations were made that the principal engaged in tortious conduct after the suit was filed or directed the course of litigation); *Ohio Cellular*, 2000 WL 33743107 (allowing defendants to amend their pleading to add the sole shareholder of the plaintiff corporation who personally engaged in inequitable conduct before the PTO).

With this background in mind, the Court agrees with Magistrate Judge Payne's conclusion in this case. Defendants make no showing, either in their joinder motion or their motion to supplement, that Dr. Eiffert personally engaged in the behavior for which this Court found this case exceptional. As the Magistrate Judge further pointed out, Defendants make no showing that My Health's corporate structure was abused such that the corporate veil must be pierced to hold Dr. Eiffert personally liable. Docket No. 236 at 6–7. Defendants' lack of analysis in its joinder motion and motion to supplement is particularly important given that: (1) Defendants do not allege facts in their proposed Complaint—other than to point to a credit card from "A. Hoyt," *see* II.A, *supra*, and to cite to the Court's § 285 Order, *see* Docket No. 230-1 ¶ 27 (citing Docket No. 131)— and (2) Defendants make no showing of an abuse of the corporate structure as required by Texas law. Essentially, Defendants contend that because other Courts have joined non-parties in very different situations, this Court should follow suit. This Court refuses to do so without supporting factual allegations. The Magistrate Judge's ruling as to Dr. Eiffert is not clearly erroneous or contrary to law. Accordingly, Defendants' objections are **OVERRULED** on this ground.

    B.    *Defendants' Sanctions Request*

In their briefing in support of their joinder motion, Defendants asked the Court to impose sanctions on Pia Anderson. (*See* Docket No. 182 at 8; Docket No. 207)). Defendants did not specify whether they seek sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 or the Court's inherent powers. However, in their objection, Defendants contend that Pia Anderson should be held liable for the § 285 fees award under § 1927 and object to Magistrate Judge Payne's

finding that " 'Defendants do not allege misconduct beyond the conduct underlying the § 285 Order.' " Docket No. 238 at 5 (quoting Docket No. 236 at 10). Defendants encourage the Court to review Dr. Eiffert's accounts of Pia Andersons's conduct. Docket No. 238 at 5 (citing Docket Nos. 194 and 194-1).

Even considering Dr. Eiffert's account, Defendants do not establish that Pia Anderson's misconduct rises to the higher level of culpability required by § 1927. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 n.6 (Fed. Cir. 2012) ("Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11 . . . ."). Indeed, Defendants did not even specify that they sought sanctions under § 1927 and now seek to make an argument for sanctions under that statute. This is a new argument that was not raised in the original briefing for consideration by Magistrate Judge Payne, and it is improperly brought now in the form of an objection. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."). Accordingly, Defendants' objections are **OVERRULED** on this ground.

### III. <u>CONCLUSION</u>

For these reasons, the Court finds, upon de novo review under Rule 72(a), that the findings of facts and conclusions of law contained in Magistrate Judge Payne's Memorandum Opinion and Order (Docket No. 236) are well-reasoned and correct. Accordingly, it is

**ORDERED** that Defendants' objections (Docket No. 238) are **OVERRULED** and the Court **AFFIRMS** the Magistrate Judge's Memorandum Opinion and Order in its entirety. Defendants' joinder motion (Docket No. 182) is **DENIED**.

**So ORDERED and SIGNED this 10th day of January, 2020.**

						_____
						ROBERT W. SCHROEDER III
						UNITED STATES DISTRICT JUDGE